[Department One. — February 15, 1883.]

## NORTHERN INSURANCE COMPANY, RESPONDENT, *v.* EDWARD E. POTTER, APPELLANT.

PARTNERS — JOINT LIABILITY — RELEASE. — Partners are jointly liable for the debts of the partnership, but one of several joint debtors is not discharged from liability by a release to the others; and where it is expressly agreed that the release shall not operate in his favor, the liability continues independent of section 1543 of the Civil Code.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts sufficiently appear in the opinion of the court.

*Fox & Kellogg* for Appellant.

*Lloyd Baldwin,* for Respondent.

McKINSTRY, J. —The defendant, Julius Jacobs, and George Easton, were co-partners, doing business as insurance agents, and, as such, were agents of plaintiff. In March, 1879, an account was stated between plaintiff and defendant, Jacobs and Easton, by which a balance of $2,359.02 was found due from the three to plaintiff.

In September, 1879, Jacobs and Easton paid to plaintiff on account of such balance $1,800. At the time of the payment plaintiff released Jacobs and Easton from all further claim or liability with respect to the indebtedness of them and defendant, but it was particularly specified and agreed by and between plaintiff and Jacobs and Easton that the release should not operate, or be construed to release or discharge the defendant.

This action is to recover of defendant the part of the said balance $2,359.02 unpaid by Jacobs and Easton. The partners

were joint debtors. (Civ. Code, § 2442.) Section 1543 of the same Code provides: " A release of one of two or more joint debtors does not extinguish the obligations of any of the others, unless they are mere guarantors; nor does it affect their right to contribution from him." Independent of the Code the release of Jacobs and Easton would not have discharged the defendant, because it was expressly provided by the parties to it that it should not have that effect.

In *Solly* v. *Forbes*, cited and approved by Wilde, C. J., in *Thompson* v. *Lack*, 3 Com. B. 551, it was authoritatively decided that a release of a joint debtor or surety might be qualified and prevented from operating a release of a co-debtor or surety. And Patterson, J. (*North* v. *Wakefield*, 13 Q. B. 541), said: "Now the deed contained an express clause that the release to Goddard should not operate to discharge any one jointly or otherwise liable to plaintiff for the same debts. It is plain, therefore, that it did not release the defendant. The reason why a release to one debtor releases all jointly liable is, unless it be held to do so, the co-debtor after paying the debt might sue him who was released for contribution, and so in effect he would not be released; but that reason does not apply when the debtor released agrees to such a qualification of the release as will leave him liable to the rights of the co-debtor."

As the debtors released in the case before us agreed to the continuation of the right of contribution on the part of the defendant, the latter was not discharged.

Section 1543 of the Civil Code seems to give the same effect to a release in general terms as was given by the English courts to the qualified release, expressly providing that the joint debtors not mentioned in the release should not be discharged. The section provides in effect that the joint debtor who accepts a release shall be held to have consented that the liability of his joint debtor should be continued together with his own liability to contribution. It is enough for the present case, however, to decide that defendant was not discharged by the release of Jacobs and Easton.

Judgment affirmed.

Ross, J., and McKEE, J., concurred.