[No. 12319.   Department Two: — April 28, 1888.]

W. D. WRISTEN, RESPONDENT, v. W. C. CURTISS, APPELLANT.

JOINT DEBTORS — RELEASE OF ONE — PROMISSORY NOTE. — Under section 1543 of the Civil Code, the release of one of several persons jointly liable on a promissory note, who are not mere guarantors, does not release the other co-obligors.

APPEAL from a judgment of the Superior Court of Yolo County, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George P. Harding,* and *W. C. Belcher,* for Appellant.

*W. D. Grady,* and *Ball & Craig,* for Respondent.

SHARPSTEIN, J.—On the 24th of January, 1879, W. C. Harris, W. R. Forman, and the plaintiff executed and delivered to the defendant their two certain promissory notes of that date, each of which notes was joint and several in form, for the sum of two thousand dollars each, payable one year after date, with interest at the rate of one per cent per month from date until paid, payable monthly or compounded.

Thereafter the defendant commenced an action against said Harris, Forman, and plaintiff herein, to recover the amount due on said notes. The case was tried, and by the court taken under advisement, and while the court had the same under advisement the defendant herein received

of said Forman the sum of $2,200 and executed and de-
livered to him a release in writing, of which the court
and plaintiff herein were ignorant; and about two weeks
thereafter the court rendered its decision and judgment
in favor of defendant herein, and against said Harris, For-
man, and the plaintiff herein, for the sum of $6,223.41,
together with the costs, being the full amount sued for in
said action.    Thereafter an execution was issued upon
said judgment for the amount thereof, less said sum of
two thousand two hundred dollars, and certain real and
personal property of the plaintiff herein were levied
upon and advertised for sale under and by virtue of
said execution.    For the purpose of preventing the
sale of said property and obtaining its release from
said levy, plaintiff paid to the sheriff making the levy
the sum of $4,315.99, the full amount due upon said exe-
cution, with all costs, which was paid to the defendant
herein.

The plaintiff recovered judgment against the defend-
ant herein for the amount so paid in satisfaction of said
execution, and from that judgment, and from the order
denying defendant's motion for a new trial, this appeal
is prosecuted.

The main question presented here is, whether the re-
lease of Forman relinquished the obligation of plaintiff.

The code provides that "a release of one of two or
more joint debtors does not extinguish the obligation
of any of the others unless they are mere guarantors;
nor does it affect their right to contribution from him."
(Civ. Code, sec. 1543.)

That the plaintiff, Harris, and Forman were, upon the
face of the notes which they executed to the defendant,
joint debtors, is too clear to admit of doubt, and unless
the plaintiff was a *mere* guarantor, his obligation was not
extinguished by the release of Forman.    But the court,
by request of plaintiff, instructed the jury that "a release
of one of two or more sureties without the consent of the

other co-sureties is a release of all the sureties." This is clearly contrary to the provision of the code relating to the same subject, and "the code establishes the law of this state respecting the subjects to which it relates."

The instruction being clearly erroneous, the judgment and order must be reversed.

Judgment and order reversed.

THORNTON, J., and McFARLAND, J., concurred.

Hearing in Bank denied.