# LOUISVILLE & NASHVILLE RAILROAD COMPANY ET AL. *v.* LAYTON.

ERROR TO THE SUPREME COURT OF THE STATE OF GEORGIA.

No. 840. Argued April 11, 1917.—Decided April 30, 1917.

The Georgia Employers' Liability Act, Georgia Code of 1911, § 2783,
eliminates the defenses of assumed risk and contributory negligence
when a violation of the Federal Safety Appliance Acts contributes
to cause the injury.

Under the Federal Safety Appliance Acts carriers in Interstate Com-
merce are liable in damages to their employees, injured in the dis-
charge of duty, whenever the failure to comply with those acts is the
proximate cause of injury and without reference to the physical
position occupied by the employee or the nature of the work upon
which he is engaged at the time when the injury occurs.

So *held* in a case where failure of couplers to work automatically in a
switching operation resulted in a collision of cars from one of which
the plaintiff was thrown to his injury while preparing to release
brakes.

145 Georgia, 886, affirmed.

THE case is stated in the opinion.

*Mr. Sanders McDaniel*, with whom *Mr. H. C. Peeples*, *Mr. P. H. Brewster* and *Mr. E. R. Black* were on the briefs, for plaintiffs in error.

*Mr. Marion Smith* for defendant in error.

MR. JUSTICE CLARKE delivered the opinion of the court.

The plaintiff below was a switchman in the employ of the defendants when he suffered the injury for which he recovered the judgment which was affirmed by the Supreme Court of Georgia, and which is here for review on writ of error.

The facts essential to an understanding of the question presented for decision are as follows:

A train of many cars standing on a switch was separated by about two car lengths from five cars on the same track loaded with coal. An engine, pushing a stock car ahead of it, came into the switch, and failed in an attempt to couple to the five cars but struck them with such force that, although the engine with the car attached stopped within half a car length, the five loaded cars were driven over the two intervening car lengths and struck so violently against the standing train that the plaintiff, who was on one of the five cars for the purpose of releasing the brakes, was thrown to the track, with the result that his right arm was crushed by the wheels and was amputated below the elbow.

The recovery in the case was on the first count of the petition, which alleges that the defendants were carriers of interstate commerce and that they were negligent, among other things, in permitting the use of the car attached to the engine and of the car to which the attempt was made to couple it, without such cars being equipped

with automatic couplers, which would couple by impact, as required by law, the claim being that if the cars had coupled when they came together the five cars of coal would not have run down against the others, causing the shock which threw the plaintiff under the wheels.

The purpose of this allegation with respect to automatic couplers was to make applicable to the case the Georgia Employers' Liability Act, which provides that an injured employee shall not be held guilty of either contributory negligence or of having assumed the risk when the violation of any statute enacted for his safety contributed to his injury.

The defendants admit that they were interstate carriers of commerce and that the plaintiff was in the performance of his duty when he was thrown from the car, as he claims, or fell, as the defendants claim, but they deny all allegations of negligence.

On this state of pleading and of fact the court charged the jury that before the plaintiff could recover on his allegation that the cars were not properly equipped with automatic couplers "he must have shown to your satisfaction by a preponderance of the evidence" either that the cars had never been equipped with proper couplers or that, if they had been so equipped, they were in such condition that they would not couple automatically by impact and that such failure to so equip them contributed to cause the injury.

Upon this charge of the court the verdict was against the defendant and on it is based the only claim of error of sufficient substance to be noticed.

It is admitted by the defendants that the reference in the Georgia Employers' Liability Act to "any statute enacted for the safety of employees" is to the Federal Safety Appliance Act and that the charge is a proper one if that act, as amended, is applicable to a switchman engaged as the plaintiff was when he was injured, but the

claim is that it is not so applicable because it is intended only for the benefit of employees injured when between cars for the purpose of coupling or uncoupling them. This claim is based wholly upon the expression "without the necessity of men going between the ends of cars," following the automatic coupler requirement of § 2 of the Act of 1893, and it is urged in argument that this case is ruled by *St. Louis & San Francisco R. R. Co.* v. *Conarty*, 238 U. S. 243. In that case, however, it was not claimed that the collision resulting in the injury complained of was proximately attributable to a violation of the Safety Appliance Acts, and therefore the claim made for it cannot be allowed.

The declared purpose of the Safety Appliance Act of 1893 (c. 196, 27 Stat. 531), and of the amendatory Acts of 1903 and of 1910 is "to promote the safety of employees . . . upon railroads by compelling common carriers engaged in interstate commerce to equip their cars with automatic couplers . . . and for other purposes," and at the time the plaintiff was injured these acts made it unlawful for any carrier engaged in interstate commerce to use on its railroad any car not so equipped. *Southern Railway Co.* v. *United States*, 222 U. S. 20; *Southern Railway Co.* v. *Railroad Commission of Indiana*, 236 U. S. 439. By this legislation the qualified duty of the common law is expanded into an absolute duty with respect to car couplers and if the defendant railroad companies used cars which did not comply with the standard thus prescribed they violated the plain prohibition of the law, and there arose from that violation a liability to make compensation to any employee who was injured because of it. *St. Louis, Iron Mountain & Southern Ry. Co.* v. *Taylor*, 210 U. S. 281, 295; *Chicago, Burlington & Quincy Ry. Co.* v. *United States*, 220 U. S. 559; *Texas & Pacific Ry. Co.* v. *Rigsby*, 241 U. S. 33; *Illinois Central R. R. Co.* v. *Williams*, 242 U. S. 462.

While it is undoubtedly true that the immediate occasion for passing the laws requiring automatic couplers was the great number of deaths and injuries caused to employees who were obliged to go between cars to couple and uncouple them, yet these laws as written are by no means confined in their terms to the protection of employees only when so engaged. The language of the acts and the authorities we have cited make it entirely clear that the liability in damages to employees for failure to comply with the law springs from its being made unlawful to use cars not equipped as required,—not from the position the employee may be in or the work which he may be doing at the moment when he is injured. This effect can be given to the acts and their wise and humane purpose can be accomplished only by holding, as we do, that carriers are liable to employees in damages whenever the failure to obey these safety appliance laws is the proximate cause of injury to them when engaged in the discharge of duty. The jury found that the plaintiff's case came within this interpretation of the statute and the judgment of the Supreme Court of Georgia must be

*Affirmed.*