[Civ. No. 3798.   First Appellate District, Division Two.—August 9, 1921.]

## A. M. BROWN, Appellant, v. THE PACIFIC COAST AGENCY (a Corporation), et al., Defendants; OTTO MULLER, Respondent.

[1] JUDGMENT — PARTIAL SATISFACTION — QUALIFIED RELEASE OF CERTAIN DEFENDANTS.—A partial satisfaction of a judgment against several individuals, joint guarantors on a promissory note, coupled with a release of the judgment debtors making the payment, will not have the effect of releasing the other judgment debtors where such satisfaction and release contains the express reservation that it shall not operate to release the latter from the payment of the balance of said judgment.

[2] JOINT DEBTORS—PARTIAL RELEASE—CONSTRUCTION OF CODE SECTION.—Under section 1543 of the Civil Code, a release of one of two or more joint debtors does not extinguish the obligations of the others, unless they (the others not included in the release) are mere guarantors.

[3] EXECUTION—NONPAYMENT OF DEBT—SUFFICIENCY OF AFFIDAVIT.—An affidavit to secure an order directing that execution issue to enforce the payment from certain judgment debtors of the balance due on the judgment obtained against them and others, as joint guarantors on a promissory note, does not have to stand the test of a complaint, and an allegation therein that the balance of the judgment is unpaid is sufficient *prima facie* to show the nonpayment of the debt, other than the part payment of the judgment stated therein.

[4] ID.—ORDER DIRECTING ISSUANCE OF WRIT—DISCRETION—POWER TO SET ASIDE.—The granting of a motion directing that execution issue, after the lapse of five years from the date of entry of judgment, is within the discretion of the court, but that discretion is exercised when the order for the enforcement of the judgment is made, and thereafter that order can be set aside on legal grounds only.

APPEAL from an order of the Superior Court of the City and County of San Francisco setting aside an order directing that execution issue.   George H. Cabaniss, Judge. Reversed.

The facts are stated in the opinion of the court.

G. E. Weaver for Appellant.

Sterling Carr and John J. Coghlan for Respondent.

NOURSE, J.—This is an appeal from an order setting aside an order directing that execution issue.   Plaintiff, on September 20, 1911, obtained a judgment against Jacobi, Rothchild, Conant, and Muller, joint guarantors on a promissory note.   The judgment called for $9,231.57 and $1,000 attorneys' fees and costs of suit.   On December 29, 1911, the defendants Rothchild and Conant paid on said judgment $8,500, taking a satisfaction of judgment to that extent and a release which contained the express reservation that it should "not operate to release said I. L. Jacobi and said Otto Muller from the payment of the balance of said judgment."

On October 7, 1920, the balance of the judgment being still unpaid, plaintiff obtained an order directing that execution issue and the judgment be enforced.   Thereafter, on motion of defendant Muller, this order was set aside on the ground that the partial satisfaction of December, 1911, released Muller also under the provisions of section 1543 of the Civil Code, because he was a mere guarantor.   From the order granting Muller's motion plaintiff brings this appeal.

The order is attacked upon two grounds: (1) That the reservation in the release protected plaintiff's rights against Muller; and (2) that he was not a "mere guarantor" under section 1543 of the Civil Code.

This section of the code was enacted in 1872, being copied *verbatim* from section 743 of Field's draft of the New York Civil Code.   It reads: "A release of one of two or more joint debtors does not extinguish the obligations of any of the others, unless they are mere guarantors; nor does it affect their right to contribution from him."   By the

English common law a general release of one of two or more joint debtors released as to all. But a qualified release, expressly providing that the joint debtors not mentioned in the release were not discharged, was recognized in the English courts and in New York by statute as early as 1838 (Laws N. Y. 1838, c. 257). Section 1543 of our Civil Code gives the same effect to a release in general terms as was given to the qualified release by the English courts. (*Northern Ins. Co.* v. *Potter,* 63 Cal. 157, 158.) The statute was a distinct departure from the common-law rule as to the effect of a general release, but did not alter the rule as to the effect of a qualified release. Being based upon the New York Civil Code of 1865, which in turn was drafted while the statute authorizing a qualified release was in full force, the contemporaneous interpretation by the New York courts will assist in arriving at the meaning of the code section. Without any deviation the decisions of the New York courts have held that a reservation in a release of one of two or more joint debtors will not result in a discharge of the debtors not mentioned. (*Rowley* v. *Stoddard,* 7 Johns. (N. Y.) 206; *Bank of Catskill* v. *Messenger,* 9 Cow. (N. Y.) 37; *Irvine* v. *Millbank,* 56 N. Y. 635; *Murray* v. *Fox,* 104 N. Y. 382, 390, [10 N. E. 864]; *Hood* v. *Hayward,* 124 N. Y. 1, [26 N. E. 331]; *Whittemore* v. *Judd Linseed & S. O. Co.,* 124 N. Y. 565, 574, [21 Am. St. Rep. 708, 27 N. E. 244]; *Gilbert* v. *Finch,* 173 N. Y. 455, [93 Am. St. Rep. 623, 61 L. R. A. 807, 66 N. E. 133].) To the same effect is *Northern Ins. Co.* v. *Potter,* 63 Cal. 157, 158, where the court said: "Independent of the code the release of Jacobs and Easton would not have discharged the defendant, because it was expressly provided by the parties to it that it should not have that effect." In the same case the court recognized the English rule that a release of a joint debtor might be qualified so as not to discharge a codebtor. (*Thompson* v. *Lack,* 3 Com. B. 551; *North* v. *Wakefield,* 13 Q. B. 541.)

[1] Thus, independent of the code section, the release must be given the effect intended by the parties. If the defendants were mere guarantors and a general release of one would discharge all, then the qualified release must follow one of two courses to the same result. (1) If the proviso is to be given full effect, Muller is not discharged;

(2) if it is not to be given full effect so that a discharge would result by operation of law, then the condition of the paper having failed, Rothchild and Conant were not released. Hence there was no discharge of anyone, but merely a part payment on account of the judgment. (*Barnum* v. *Cochrane,* 139 Cal. 494, [73 Pac. 242].)

As the order must be reversed for the reasons given, it is not necessary to determine the status of these four defendants, which seems to be a mixed relation of guarantor and surety. [2] But it may be said that the proper construction of section 1543 would seem to be that a release of one of two or more joint debtors does not extinguish the obligations of the others, unless they (the others not included in the release) are mere guarantors. Such construction would treat the section in harmony with section 2819 of the Civil Code, which specifies the manner in which a guarantor may be released. There is no reason why two or more joint guarantors (whose relation among themselves is of the nature of cosureties) should be discharged by the release of one from a joint judgment on the guaranty. But if the principal on the original obligation is released by the creditor, then under the section the guarantor is discharged.

[3] In support of the order respondent urges that the affidavit upon which the order directing issuance of execution was made does not sufficiently allege that the debt is not paid. The point is that the affidavit alleges that the balance of the judgment is unpaid and respondent argues that someone may have paid the balance of the note and the attorneys' fees and costs without paying it on the judgment. Such an affidavit does not have to stand the test of a complaint, and if any part of the debt has been paid other than that for which satisfaction has been given, respondent has had ample opportunity to make that showing.

[4] It is also argued that the granting of the motion directing execution is within the discretion of the court, hence that the court could set aside the order at will. The right to have execution issue is statutory. Whatever discretion the court is given by the statute was exercised when the order for the enforcement of the judgment was made. An order so made can be set aside on legal grounds only. The only ground assigned in respondent's motion was that

he was discharged by the release of his codebtors under section 1543.

The judgment is reversed, with directions to the trial court to set aside the order appealed from and to restore the order of October 7, 1920.

Langdon, P. J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on October 6, 1921.

All the Justices concurred, except Shaw, J., who was absent.