## FORT WORTH & D. C. RY. CO. v. JONES.*

(Circuit Court of Appeals, Fifth Circuit. December 18, 1923.)

No. 4133.

1. **Trial ☞260(8)—Instruction given held to warrant refusal of requested instruction as to prior injury.**

In an action by an injured railroad employee engaged in interstate commerce, an instruction that plaintiff could not recover for the injury if it had been received in a previous automobile accident, but could recover for an additional injury received as alleged, although the previous injury had also been received, held 'to fully protect defendant's rights, and a refusal of defendant's instruction that plaintiff could not recover for the alleged injury, if it would not have occurred except for the previous injury, was proper.

2. **Evidence ☞258(1)—Of amount agreed on held inadmissible, in absence of showing that agent had authority to settle.**

Where it was not shown that defendant's claim agent was authorized to agree on a settlement with an injured railroad employee, held, that evidence of the amount agreed on was not admissible.

3. **Master and servant ☞110—Railroad failing to comply with Commission's order liable for injuries, regardless of negligence.**

A rule of the Interstate Commerce Commission, requiring handholds on locomotives to be fixed by bolts or rivets, is valid under Boiler Safety

Act, § 5 (Comp. St. § 8634), and section 2, extended by amendment of March 4, 1915 (Comp. St. §§ 8639a–8639d), and the substitution of a cotter pin was such a failure to comply therewith as to render the railroad liable, regardless of negligence for an injury to an employee resulting therefrom.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Action by N. C. Jones against the Fort Worth & Denver City Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Ellis Douthit, of Sweetwater, Tex., and G. W. Wharton, and J. H. Barwise, Jr., both of Fort Worth, Tex. (Thompson, Barwise, Wharton & Hiner, of Fort Worth, Tex., on the brief), for plaintiff in error.

S. P. Jones, Leonard Jones and Raymond Buck, all of Marshall, Tex. (Jones, Sexton, Jones & Buck, of Marshall, Tex., on the brief), for defendant in error.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

BRYAN, Circuit Judge. This is a writ of error to a judgment in favor of the plaintiff below for personal injuries alleged to have been sustained by him.

The petition alleges that the plaintiff was injured on two separate occasions while he was in the employ of the defendant railway company, and engaged in switching railroad cars which were being used in interstate commerce; that on June 1, 1922, while the plaintiff was attempting to couple cars by means of a lift lever, his hand was injured by being caught between the said lever and one of the cars; that this injury was caused by the lift lever being insecurely fastened and becoming disconnected; that on July 22, 1922, while the plaintiff was in the act of stepping from the footboard of the tender to the ground while the engine was in motion, his glove was caught on a cotter pin used to fasten the handhold, and he was thrown and dragged, with the result that his back was injured. The evidence for the plaintiff was sufficient to sustain these allegations. The defense was a general denial, and that the injury to plaintiff's hand was not caused on June 1, 1922, or as alleged, but occurred about a year before that, while the plaintiff was cranking an automobile.

On cross-examination the plaintiff testified that after his hand was injured in June he agreed upon a settlement with the claim agent of the defendant and went back to work. He was then asked what amount was agreed upon, but the court sustained his objection, and the defendant offered to show that $55.30 was the amount. On further cross-examination the plaintiff admitted that he and the claim agent agreed upon an amount in settlement of the second claim for injury. The court also sustained an objection to the second amount agreed upon, but the defendant did not offer to prove what that amount was.

[1] The court charged the jury that the plaintiff could not recover for the injury to his hand, if that injury had been received in a previous automobile accident, but that plaintiff could recover for an addi-

tional injury received as alleged, although the previous injury had also been received, and refused defendant's request to charge that the plaintiff could not recover for the injury to his hand, alleged in the petition, if such injury would not have occurred, except for the previous injury received in the automobile accident.

The plaintiff offered in evidence a rule promulgated by the Interstate Commerce Commission to the effect that handholds on locomotives used in switching service should be securely fastened with bolts or rivets, and the court charged the jury that, if they believed that the handhold which the plaintiff was using at the time of the second injury on July 22 was fastened by a cotter pin and was unsafe, and if by reason thereof the plaintiff was injured, the defendant would be liable for that injury, regardless of whether it was negligent. The court refused requests to find for the defendant, if the jury believed that the tender of the engine and all the parts thereof were in proper condition, and safe to operate without unnecessary peril to life or limb, and if in the exercise of reasonable and ordinary care the defendant could not have foreseen and anticipated that some employee would sustain an injury as a result of the handhold being fastened by a cotter pin.

The errors assigned are based upon the court's refusal to require the plaintiff to state the amount agreed upon in settlement between him and defendant's claim agent, upon the foregoing charges given by the court of its own motion, and upon the refusal to give defendant's requested charges as above set out.

[2] The defendant concedes that an unaccepted offer of compromise, may not be received in evidence, but contends that an offer which has been accepted is admissible. We do not think the latter proposition arises in this case. It is not shown that the claim agent was authorized to agree upon a settlement. In the absence of such evidence, nothing more than a mere offer to settle appears.

The court's charge fully protected the defendant against a recovery on account of the injury to plaintiff's hand received while he was cranking the automobile, and limited the right of recovery to the subsequent injury sued for. No authority is cited in support of defendant's request. It amounts to this: That the plaintiff cannot recover unless one whose hand had never been injured before would have been injured by the defective lever. The request was too speculative, and would have excused altogether defendant's duty to comply with the Safety Appliance Act (Comp. St. § 8605 et seq.).

[3] Section 2 of the Boiler Safety Act (Comp. St. § 8631) provides that it shall be unlawful for any carrier, subject to the act, to use any locomotive engine, unless the boiler and appurtenances thereof are in proper condition, and safe to operate without unnecessary peril to life or limb; that all boilers should be inspected from time to time under rules and regulations therein provided for. Section 5 requires each carrier subject to the act to file its rules and instructions for the inspection of boilers with a chief engineer, "and after hearing and approval by the Interstate Commerce Commission such rules and instructions, with such modifications as the Commission requires, shall become obligatory upon such carrier." 36 Stat. 913 (Comp. St. § 8634). Sec-

tion 2 of this act is extended to include the entire locomotive and tender by amendment adopted March 4, 1915. 38 Stat. 1192 (Comp. St. §§ 8639a–8639d). It thus appears that the rules and regulations were authorized by the Boiler Safety Act of 1911, that the power to prescribe such rules and regulations was conferred upon the Interstate Commerce Commission, and that since the amendment in 1915 they apply to the tenders of locomotive engines. We are therefore of the opinion that it was within the power of the Interstate Commerce Commission to require handholds to be secured or fastened by bolts or rivets, and that the substitution of a cotter pin was such a failure to comply with the act as to render the defendant liable, regardless of its negligence.

It results from this conclusion that the court did not err in refusing to charge that the plaintiff could not recover, unless the defendant was guilty of negligence. In Louisville & Nashville R. Co. v. Layton, 243 U. S. 617, 37 Sup. Ct. 456, 61 L. Ed. 931, it was held that the Safety Appliance Act, requiring automatic couplers (27 Stat. 531 [Comp. St. § 8605 et seq.]), imposed an absolute duty, and that failure to comply with the act was sufficient to create a liability in favor of an injured employee. That statute and the Boiler Safety Act are so similar in their provisions as to make the decision of the Supreme Court applicable here.

The judgment is affirmed.