19169. GRANT *v.* ATLANTIC COAST LINE RAILROAD COMPANY *el al.*

JENKINS, P. J. 1. "Under the Federal safety-appliance acts, carriers in interstate commerce are liable in damages to their employees, injured in the discharge of duty, whenever the failure to comply with those acts is the proximate cause of the injury." L. & N. Railroad Co. *v.* Layton, 243 U. S. 617 (37 Sup. Ct. 456, 61 L. ed. 931) ; Lang *v.* New York Central R. Co., 255 U. S. 455, 459 (41 Sup. Ct. 381, 65 L. ed. 729). But "liability can not be predicated upon the defendant's violation of a Federal statute enacted for the safety of employees, unless there is a causal connection between such violation and the injury or death." *Watson* v. *Georgia Southern & Florida Ry. Co.*, 36 *Ga. App.* 452 (136 S. E. 921). Accordingly, in a suit brought by an employee of a railroad company for damage alleged to have been occasioned by violation by the defendant of the Federal safety-appliance acts, it was not error for the court to state the contention of the defendant that the injury to the plaintiff was brought about solely by his own negligence, and that if the jury should find this contention to be the truth of the case, the plaintiff would not be entitled to recover.

2. A failure by a railway company engaged in interstate commerce to equip and maintain its cars as required by a rule of the interstate-commerce commission, adopted in pursuance of the authority conferred upon it by the safety-appliance acts of Congress, amounts to a violation of both the rule and the statute, and the charge of the court, to the effect that the plaintiff must show such a violation of the act and the commission's regulations resulting in whole or in part in plaintiff's proved injuries, was not erroneous, since the alleged delinquency of the defendant upon which the action was grounded was in violation of the act because in violation of a regulation of the commission authorized by the act.

3. The charge of the court that the defendant contended that "there was no failure to comply with the safety-appliance act of Congress, and that the car was equipped according to the interstate-commerce commission's standard equipment specifications," and that if such contention was found to be the truth of the case the verdict should be for the defendant, was not error on the theory that it relieved the defendant of the duty of maintaining the car in accordance with such specifications, after having once complied with its duty of properly equipping the same, since the excerpt complained of manifestly referred to the defendant's contention as to the condition of the car at the time of the alleged injury to plaintiff. Moreover, the court elsewhere in the charge instructed the jury that "the law required of the defendants that the car in question here must, at the time and place in question, have been equipped and maintained" as required by the rule of the interstate-commerce commission.

4. The remaining exceptions, relating to the alleged failure of the court to charge, on its own motion, certain stated principles of law, are without merit, since the charge of the court as given was full and fair, and covered the issues made by the pleadings and the evidence. Even if more elaborate instructions were desirable and proper, they should

597

have been requested. The evidence authorizes the finding in favor of the defendants, and it can not be set aside.

Judgment affirmed. Stephens and Bell, JJ., concur.

DECIDED APRIL 10, 1929.

T. J. Lewis, J. Caleb Clarke, for plaintiff.
McDaniel, Neely & Marshall, for defendants.