### UHL ESTATE CO. v. COMMISSIONER OF INTERNAL REVENUE.

No. 9529.

Circuit Court of Appeals, Ninth Circuit.
Dec. 21, 1940.

Paul A. McCarthy, of San Francisco, Cal., for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Carlton Fox, and Newton K. Fox, Sp. Assts. to Atty. Gen., for respondent.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This case arises on a petition to review a decision of the Board of Tax Appeals affirming a determination and proposed assessment of the Commissioner of a deficiency of $8,974.75 in income taxes and $2,951.05 in excess profits for the tax year 1933 and of a 25 percent penalty. Petitioner's position is that: (1) The proposed assessment was barred by the statute of limitation; (2) the redetermination was erroneous because the Board refused to recognize a deduction validly claimed for a bad debt ascertained to be worthless in the year 1933; and that (3) the penalty was not warranted by the provisions of § 291 and § 52(a) of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, pages 566 and 500, it claiming that the filing of a so-called return not signed by a treasurer, or corresponding officer, and not verified by anyone, is the filing of the return required by those two provisions.

On the question of the claimed bar of the proposed assessment under § 275 of the Revenue Act of 1932, 26 U.S.C.A. Int.Rev.Acts, page 565, because not made within two years after filing, on March 15, 1934, of an unverified return of the petitioner's income, the Supreme Court has held that the statutory period does not begin to run on a "so-called" return which is unverified. The specific ground of the decision is the lack of verification. Lucas v. Pilliod Lumber Co., 281 U.S. 245, 248, 50 S.Ct. 297, 74 L.Ed. 829, 67 A.L.R. 1350. The Commissioner was not barred by § 275 from making the assessment here proposed.

On the proposed assessment of the income and excess profits tax the petitioner complains that the Commissioner was not justified in refusing a deduction

for a bad debt owed by one Adolph Uhl for moneys previously borrowed from petitioner. The Board held that the debt was a joint obligation of two brothers, George and Adolph Uhl, and that George continued to owe the amount of the claimed deduction. Petitioner having the burden of proof that the claimed deduction is clearly within the statute[1] attempted to show that Adolph Uhl, who admittedly owed a large debt to the petitioner, had become unable to pay more than $10,000 on an indebtedness claimed to be $113,169.52, which was written off the books in 1933. For the purposes of this decision we assume that Adolph Uhl so became insolvent and that as to him the debt became valueless in that year, and that he was properly discharged from it by petitioner. However, there was also evidence to show that Adolph Uhl and George Uhl had used in joint ventures at least part of the indebtedness claimed to be deducted.

Petitioner charged the claimed deduction in its books to an account of Adolph and George Uhl or as the "A. and G. Uhl Account," to which were entered many cash loans during a period of ten years from 1923 to 1933. This entry the Board considered as evidence of a joint obligation which the solvent George Uhl owed to the petitioner. The California law here controls. In the absence of evidence to the contrary, an obligation of two or more persons is presumed to be a joint obligation rather than several. Civil Code of California § 1431. Cf. Spangenberg v. Spangenberg, 19 Cal.App. 439, 126 P. 379. The release of one of the joint obligors does not extinguish the obligation. Civil Code of California § 1543; Northern Ins. Co. v. Potter, 63 Cal. 157, 158; Wristen v. Curtis, 76 Cal. 6, 18 P. 81; Brown v. Pacific Coast Agency, 53 Cal.App. 788, 200 P. 977.

Petitioner contends that a self-serving statement in the resolution of petitioner made in November 1933, when Adolph Uhl was released from the balance of his indebtedness, that his indebtedness was one-half the amount "Adolph Uhl and George Uhl are indebted to this corporation" controls the many years of entry of the indebtedness as a joint one. Hence, petitioner claims, George Uhl owed only half of the $226,339, and the Adolph Uhl settlement and release for his half warrants the claimed deduction. George Uhl gave no

testimony as to the character of his indebtedness to petitioner, although he owned all the stock of the company. Adolph Uhl did not corroborate the statement that he only owed half. His testimony is vague and uncertain. If ignored by the Board that heard his testimony, we are not warranted in concluding that the Board erred in so doing. Helvering v. National Grocery Co., 304 U.S. 282, 295, 58 S.Ct. 932, 82 L.Ed. 1346; O'Laughlin v. Helvering, 65 App.D.C. 135, 81 F.2d 269, 271. The Board's decision that petitioner had not sustained its burden of proving the deduction was improperly disallowed by the Commissioner is affirmed.

■■■ The Commissioner proposed a penalty assessment of 25 percent. This the Board upheld on the ground that no proper return was made because what was filed failed "to meet the statutory requirements." The return was signed only by the president, instead of both president and treasurer, and was not "sworn to" by anyone, as required by § 52(a) of the Revenue Act of 1932, providing:

"§ 52. Corporation Returns.

"(a) Requirement. Every corporation subject to taxation under this title shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. The return *shall* be sworn to by the president, vice president, or other principal officer and by the treasurer or assistant treasurer. * * *" (Emphasis supplied)

That the failure to file such a return satisfying the requirement of § 52(a), that it "shall be sworn to" by the two officers, warrants the imposition of a proposed 25 percent additional assessment is shown in the provision for the penalty, § 291. This is that 25 percent *shall* be added to the tax" by the Commissioner if there is not made and filed the return "required" by the 1932 Act. Section 291 of the 1932 Act provides:

"§ 291. Failure to File Return.

"In case of any failure to make and file a return *required* by this title, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, 25 per centum of the tax *shall* be added to the tax, except that when a return is filed after such time and it is shown that the failure to file it was due to reasonable

---

[1] White v. United States, 305 U.S. 281, 292, 59 S.Ct. 179, 83 L.Ed. 172; New Colonial Co. v. Helvering, 292 U.S. 435, 440, 54 S.Ct. 788, 78 L.Ed. 1348.

cause and not due to willful neglect no such addition shall be made to the tax. * * *" (Emphasis supplied).

The requirement of verifications by both president and treasurer is mandatory. The return "shall be sworn to." That this requirement is not a mere administrative direction but mandatory in character has been held by the Supreme Court in Lucas v. Pilliod Lumber Co., 281 U.S. 245, 248, 50 S.Ct. 297, 299, 74 L.Ed. 829, 67 A.L.R. 1350,[2] where the court says: "That the *so-called return* of May 31, 1919, unsupported by oath, did not then meet the definite requirements of section 239 [identical as the requirements of 52(a), 26 U.S.C.A. Int.Rev.Acts, page 500] is manifest. * * *" (Emphasis supplied.)

A "so-called return" not verified by anyone and not signed by a "treasurer or assistant treasurer" is not the return "required by this title", that is by the requirements of § 52(a).

Appellant correctly contends that since § 291 imposes a penalty it should be strictly construed against the Government. Applying this rule of construction, we cannot agree that the failure to have the signature of a treasurer or equivalent agent, who is customarily the one familar with the corporate accounts, and the absence of any verification, much more that of two of the corporate officers, do not go to the essence of the "required" return. We cannot construe out of the statutes their meaning on matters that go to the essence.

However lightly some persons may deem the taking of an oath in verification of an accounting, Congress must have regarded as necessary for tax assessment and collection that the taxpayer assume the risk of a charge of perjury[3] as a sanction for great care in his return. Congress must have considered it an essential aid to the Commissioner of Internal Revenue in determining the many doubtful and border line items of an account. To fail to give the Commissioner such a required aid is a proper reason for the penalty. The fact that in a particular case all the items of the accounting appear in the "so-called return" does not give to the Commissioner the assurance required by § 291 and § 52(a) and does not warrant an exception to the application of a general rule of essential requirement in the return. The Board's decision upholding the Commissioner's proposed assessment of the 25 percent additional tax is affirmed.

Affirmed.

MATHEWS, Circuit Judge (dissenting in part).

The return filed by petitioner on March 15, 1934, was "a return required by this title,"[4] within the meaning of § 291 of the Revenue Act of 1932, and was filed "within the time prescribed by law." Hence, there was no ground for imposing a penalty. This conclusion is not inconsistent with the holding that the return filed by petitioner was not "the return" contemplated in § 275(a) of the Act. Section 275(a) is a statute of limitations and should be strictly construed against the taxpayer invoking it. Section 291 is a penal statute and should be strictly construed against the Government. The majority opinion recognizes, but fails to give effect to this distinction. The Board's decision, insofar as it holds petitioner subject to a penalty, should be reversed. In other respects, it should be affirmed.

[2] Cf. on mandatory character of the requirements of signature and verification. Edmonds v. Commissioner, 9 Cir., 90 F. 2d 14, 17, 18 certiorari denied 302 U.S. 713, 58 S.Ct. 32, 82 L.Ed. 551; Noteman v. Welch, 1 Cir., 108 F.2d 206, 215; Sabatini v. Commissioner, 2 Cir., 98 F.2d 753, 756; Fidelity & Columbia T. Co. v. Commissioner, 6 Cir., 90 F.2d 219, 223, certiorari denied 302 U.S. 723, 58 S.Ct. 44, 82 L.Ed. 558; National Contracting Co. v. Commissioner, 8 Cir., 105 F.2d 488, 492; American Milk Products Corp. v. United States, Ct.Cl., 41 F.2d 966, 969.

[3] R.S. 5392, 18 U.S.C.A. § 231; United States v. John Bailey, 9 Pet. 238, 255, 9 L.Ed. 113; Louisville & Nashville R. R. Co. v. Layton, 243 U.S. 617, 37 S.Ct. 456, 61 L.Ed. 931; See Caha v. United States, 152 U.S. 211, 218, 14 S.Ct. 513, 38 L.Ed. 415.

[4] Title I (§§ 1-322) of the Revenue Act of 1932, 26 U.S.C.A.Int.Rev.Acts, page 482 et seq.