## BYLER v. WABASH R. CO.
### No. 6435.

United States District Court
W. D. Missouri, W. D.
Feb. 8, 1951.

Robert L. Robertson, Frederick J. Freel, Kansas City, Mo., for plaintiff.

Sebree, Shook, Hardy & Hunter, David R. Hardy and Sam B. Sebree, all of Kansas City, Mo, for defendant.

REEVES, Chief Justice.

The verdict of the jury in this case was for the defendant. Able and earnest counsel for plaintiff have filed a motion for new trial wherein 27 specific grounds for a new trial are set out. Many of the averments of error are stereotyped and need no comment. All, however, have been examined. The chief and only meritorious ground alleged by the plaintiff relates to the question whether the court properly instructed the jury on the rights of the parties in the situation presented by the evidence. The facts are briefly stated:

The plaintiff, as a switchman for the defendant, went aboard one of the three box cars which had been shunted along a track toward several other standing cars on the same track. The issue made by the pleadings and the evidence on the part of plaintiff was that a hand brake on the box car upon which plaintiff had gone was defective and by reason thereof he could not stop the cars in time to prevent a collision with the standing cars further along the track, and that by such collision he was thrown from his position on top of the car to the ground and injured, for which injury he claims damages.

On the other hand, and for the defendant, it was the contention and there was ample testimony to support that contention, that when the plaintiff went aboard the moving cars they were then in such close proximity to the standing cars further along the track that a collision was inevitable and that the most efficient hand brake, (even if plaintiff had reached it in time) under the circumstances, would not have prevented the collision and the claimed injuries to the plaintiff. This issue was submitted by apparently accurate instructions to the jury.

1. The suit was filed under the provisions of Section 51, Title 45 U.S.C.A. Pertinent provisions of that section are as follows: "Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part * * * by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, * * *."

A proper construction of this clear and unambiguous statute is that if, by reason of a defective appliance in any car used by the carrier, an employee suffers an injury whether such injury was occasioned in whole or in part from the defective appliance, the employee would be entitled to recover such damages as may have accrued to him. It would follow, therefore, that if the contention of the plaintiff was believed by the jury to the effect that such injury in part at least resulted from the defective brake, as claimed by him, then the verdict of the jury should properly be returned for him. On the other hand, if the defective appliance had nothing to do with the claimed injury and if the employee's own negligence was solely and alone responsible for injuries, if any, suffered by him, then, under the law, plain-

tiff would not be entitled to recover and the verdict of the jury would properly be for the defendant.

2. The plaintiff testified that when he went aboard the moving car the hand brake he sought to use was so defective and inefficient that it would not take hold and that the speed of the moving cars continued undiminished.

■ On the other hand, there was evidence on the part of the defendant that an inspection of the hand brake both before and after indicated that it was in good working order and functioning efficiently. Moreover, at the time the plaintiff went aboard the moving cars they were then so near the standing cars farther along the track that a collision was inevitable, and that the plaintiff could not even have reached the hand brake in time to apply it before the collision occurred. It will be discerned from all of the authorities that this made a jury question on each of the two contentions or theories advanced by the parties.

3. In the very early case of Grand Trunk Western Ry. Co. v. Lindsay, 233 U. S. 42, 34 S.Ct. 581, 582, 58 L.Ed. 838, the Supreme Court, in considering a somewhat similar situation, approved an instruction of the court as follows: " 'You are also instructed that where there is a safe and a dangerous way of doing an act, and the servant uses a dangerous way and is injured thereby, he is charged with negligence on his part and may not recover.' " In another case, not much later, namely, Louisville & Nashville R. R. Co. v. Layton, 243 U.S. 617, loc. cit. 620, 37 S.Ct. 456, 457, 61 L.Ed. 931, the court construed the statute and epitomized the law as follows: "By this legislation the qualified duty of the common law is expanded into an absolute duty with respect to car couplers, and if the defendant railroad companies used cars which did not comply with the standards thus prescribed, they violated the plain prohibition of the law, *and there arose from that violation a liability to make compensation to any employee who was injured because of it."* (Emphasis mine.) A large number of cases is cited in support of this proposition, all to the same effect, that, as

provided by statute, the injury, if any, must have accrued because of the defective appliance.

Counsel also rely on the case of Detroit T. & I. R. Co. v. Hahn, 6 Cir., 47 F.2d 59, 60. The opinion was prepared by the late Judge Moorman of the 6th Circuit. The court approved the submission of the case to the jury and in approving a verdict for the employee said: "The evidence upon which appellant (Carrier) relied as showing that the injury was not caused by an inefficient brake is in the main the same as that upon which it based its plea of appellee's failure to apply it. That evidence presented appellant's theory of the cause as opposed to the theory adduced in the proofs of appellee, namely, an inefficient brake. *The same reasons that required the submission of these questions to the jury required the submission also of the question of appellee's negligence."* (Emphasis mine.) It will be seen, therefore, that in a case with practically the same facts as the case at bar the Court of Appeals approved the submission of the case to the jury on the question of the employee's negligence as being wholly responsible for his injury.

In the case of Myers v. Reading Co., 331 U.S. 477, loc. cit. 482, 484, 485, 67 S. Ct. 1334, 1338, 91 L.Ed. 1615, the Supreme Court again construed the statute and said: "A railroad subject to the Safety Appliance Acts may be found liable if the jury reasonably can infer from the evidence merely that the hand brake which caused the injuries was on a car which the railroad was then using on its line, in interstate commerce, and that the brake was not an 'efficient' hand brake." And, then, 331 U.S. at page 484, 67 S.Ct. at page 1339, 91 L.Ed. 1615, the court succinctly said: "The questions at issue were questions of fact. The jury was entitled to draw inferences from the evidence. From the evidence presented, the jury reasonably could find, as it did in its special verdict, (1) that the brake was not an efficient brake, and (2) that the fact that the brake was not an efficient brake contributed to or caused injury to the petitioner." Then, 331 U.S. loc. cit. 485, 67

S.Ct. 1339, 91 L.Ed. 1615: "As an interstate common carrier, however, it is subject to liability for injuries to its employees *resulting from its violation of its absolute duty to comply with the Safety Appliance Acts."* (Emphasis mine.)

The questions in the case cited were submitted to a jury.

In the still later case of Carter v. Atlanta & St. A. B. R. Co., 338 U.S. 430, loc. cit. 434, 435, 70 S.Ct. 226, 229, the court said: "Once the violation is established (failure to provide an efficient appliance), only causal relation is in issue." That was precisely the issue, among others, that was submitted to the jury in this case.

The court concluded at page 435 of 338 U.S., page 230 of 70 S.Ct. as follows: "With proper explanations, the court could have advised the jury that if petitioner's own negligence was the *sole* proximate cause of his injury, the verdict must be for respondent; * * *." That is exactly what the court did in the case at bar.

4. Because of the contentions of plaintiff's counsel, it seems proper to refer to portions of the charge delivered to the jury. Counsel set out excerpts of the charge at pages 13, 14 and 15 of their original brief in support of their motion for new trial. The last part of the charge, underscored by counsel, is as follows: "There were some variations between the witnesses as to what the distance was. (Referring to the space between the moving cars and the standing cars at the time plaintiff went aboard.) That, of course, becomes important for you to recall in enabling you to determine the question as to whether or not the plaintiff went aboard these cars at a time when a collision was inevitable, regardless of the condition of the brake, regardless of everything, when it was not humanly possible for an efficiently working brake to stop the car so as to avoid a collision. That, as I told you, put the responsibility upon the plaintiff for his own injuries, if the jury believes that is true." An examination of all of the authorities relied upon by plaintiff undoubtedly yields complete and full

support of this charge as separating the two issues, and clearly telling the jury that if plaintiff's negligence solely and alone caused his injuries, then he is not entitled to recover.

5. The question of admitting evidence has been examined and no improper or prejudicial evidence was received and admitted in evidence over the objection of plaintiff contrary to the rules of evidence.

In view of the foregoing, the motion for a new trial should be and will be overruled.