[No. 13260-5-II.   Division Two.   October 30, 1991.]

THE DEPARTMENT OF REVENUE, *Appellant*, v. THE ESTATE OF KARL FREDERICK POEHLMANN, *Respondent.*

*Kenneth O. Eikenberry, Attorney General,* and *Robert J. Fallis, Assistant,* for appellant.

*David B. Hallin,* for respondent.

MORGAN, J. — The Washington Department of Revenue appeals a ruling that it is not entitled to collect a penalty for the tardy filing of a state estate tax return. We reverse.

Karl Poehlmann died December 31, 1985. Later, the personal representative of his estate was required to file federal and state estate tax returns on the same day. Former RCW 83.100.050(1).[1] It is conceded that the personal representative failed to file either return on time.

The penalty for tardily filing the federal return was 5 percent of the tax due for each month that the return was late, not to exceed 25 percent of the tax due: 26 U.S.C. § 6651(a)(1). The Internal Revenue Service was authorized to waive this penalty if the tardiness was due to reasonable cause rather than willful neglect. 26 U.S.C. § 6651(a)(1).

The penalty for tardily filing the state return was described by state law as follows:

> If the report provided for in RCW 83.100.050 is not filed within the time periods specified, then the personal representative *shall* pay, in addition to the interest provided in this section, a penalty equal to five percent of the tax due in respect to the transfer for each month beyond the time periods that the report has not been filed, but no penalty so imposed may exceed a total of twenty-five percent of the tax.

(Italics ours.) Former RCW 83.100.070(2) (Laws of 1981, 2d Ex. Sess., ch. 7, § 83.100.070(2)). State law made no provision for waiver of the penalty.

After Poehlmann's personal representative tardily filed the federal return, the IRS found reasonable cause and waived the federal penalty. However, the State Department of Revenue concluded that it lacked the authority to waive

---

[1] Laws of 1981, 2d Ex. Sess., ch. 7, § 83.100.050 provides in pertinent part:

"TAX REPORTS — DATE TO BE FILED — EXTENSIONS. (1) The personal representative of every estate subject to the tax imposed by this chapter who is required by the laws of the United States to file a federal estate tax return shall file with the department on or before the date the federal estate tax return is required to be filed, including any extension of time for filing the federal estate tax return:

"(a) A report for the taxes due under this chapter; and

"(b) A true copy of the federal estate tax return.

"(2) If the personal representative has obtained an extension of time for filing the federal return, the filing required by subsection (1) of this section shall be similarly extended until the end of the time period granted in the extension of time for the federal return. A true copy of the extension shall be filed with the department within thirty days of issuance."

the state penalty, and it demanded that the state penalty be paid. The estate disputed that the state penalty was due, and the matter was brought before the Superior Court. That court ruled for the estate, and the State appealed.

■ We hold that the state penalty is due. Where a statute is clear and unambiguous, its plain meaning prevails. *PUD 1 v. Public Empl. Relations Comm'n*, 110 Wn.2d 114, 118, 750 P.2d 1240 (1988). The plain meaning of former RCW 83.100.070 is that the described penalty must be paid, and that the State Department of Revenue has no authority to waive it.

Poehlmann's estate argues (1) that because the state statute involves a penalty, it must be strictly construed against the government, *Uhl Estate Co. v. Commissioner*, 116 F.2d 403 (9th Cir. 1940); (2) that when this is done, the waiver of the federal penalty by the IRS becomes equivalent to an extension of time to file the federal return that was due; and (3) that an extension for federal purposes was also an extension for state purposes because of RCW 83.100.050(1).[2] We disagree. When a statute is clear and unambiguous, there is no room for judicial construction, strict or otherwise, *PUD 1 v. Public Empl. Relations Comm'n, supra*; *Crown Cascade, Inc. v. O'Neal*, 100 Wn.2d 256, 262, 668 P.2d 585 (1983), and waiving a penalty is simply not equivalent to extending the time for filing a return. Because of RCW 83.100.050(1), the third proposition would be correct if an extension had been granted by the IRS, but none ever was.

Reversed.

WORSWICK, C.J., and ALEXANDER, J., concur.

---

[2]Without citing any law that restricts the power of the State, Poehlmann's estate also argues that the State cannot "play by different rules" than the federal government. Obviously, the contention is contrary to the basic nature of our federal system of government.