**Bertrand Charles FRASS, Jr.**

v.

**SOUTHERN PACIFIC TRANSPORTATION COMPANY.**

**Civ. A. No. 3:91–CV–0206(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 14, 1993.

**190**

John H. Ott, McComb, MS, for plaintiff.

Charles G. Copeland and Michael W. Baxter, Copeland Cook Taylor & Bush, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court upon Defendant's Motion for Summary Judgment and Defendant's Motion to Strike Plaintiff's Itemization of Material and Disputed Facts. However, the Court does not reach the merits of those motions because the Court raises, sua sponte, the venue and jurisdiction questions contained in the Answer of Defendant, and finds that because venue is not proper in this Court and because the Court has no personal jurisdiction over Defendant this action should be dismissed.

### I. Background

Plaintiff Bertrand Charles Frass, Jr., a Mississippi resident, has brought this action against Defendant Southern Pacific Transportation Company ("Southern Pacific"), a nonresident, under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, and the Locomotive Boiler Inspection Act, 45 U.S.C. § 22 *et seq.*, seeking damages for alleged noise-induced hearing loss. In his Complaint, Plaintiff claims jurisdiction is proper in this matter under these two acts and diversity of citizenship.

Plaintiff was employed by Defendant from 1951 until 1989. During that employment, Plaintiff worked in Louisiana as a locomotive fireman, brakeman and engineer. There is no allegation in Plaintiff's Complaint, nor does the record in this case indicate, that Defendant does business in Mississippi, and Plaintiff does not claim that any injury was sustained in Mississippi. In fact, in his Complaint, Plaintiff alleges Defendant "transacted substantial business in and about the State of Louisiana" and that "Plaintiff has been employed for thirty-eight (38) years with Southern Pacific Transportation Company, Inc. as an engineer in Louisiana."

### II. Analysis

FELA provides the exclusive source of recovery for employees of interstate railroads injured or killed during the course of their employment. *New York Railroad Co. v. Winfield*, 244 U.S. 147, 37 S.Ct. 546, 61 L.Ed. 1045 (1917); *see also Felton v. Southeastern Pennsylvania Transp. Auth.*, 757 F.Supp. 623 (E.D.Pa. 1991). Because the Locomotive Boiler Inspection Act does not create an independent cause of action for personal injuries, claims raised under that act must be brought pursuant to FELA and must rely upon FELA for venue purposes. *O'Loughlin v. National Railroad Passenger Corp.*, 928 F.2d 24 (1st Cir.1991); *see also Great Northern Ry. Co. v. Donaldson*, 246 U.S. 121, 38 S.Ct. 230, 62 L.Ed. 616 (1918); *Louisville & Nashville R.R. Co. v. Layton*, 243 U.S. 617, 37 S.Ct. 456, 61 L.Ed. 931 (1917). Thus, if Plaintiff fails to establish proper venue under FELA, this Court is not the proper venue under the Boiler Inspection Act.

45 U.S.C. § 56 establishes that an action may be brought under FELA "in the district court of the residence of defendant, or in which the cause of action arose, or in which the defendant shall be doing business at the time of commencing such action." Plaintiff alleges the Louisiana activities of Defendant, a nonresident, to the exclusion of any assertion that Defendant is doing, or has ever done, business in Mississippi or that any part of Plaintiff's alleged hearing loss was caused in Mississippi. Accordingly, Plaintiff has failed to establish that venue is proper in this Court under the terms of FELA and Plaintiff's action should therefore be dismissed or

transferred to a federal district court in Louisiana.

■ Despite the fact that this Court possesses federal question jurisdiction in this matter pursuant to FELA and the Boiler Inspection Act, the burden is on the Plaintiff to show that the court has personal jurisdiction over Defendant. Essential to this is proper service of process on the Defendant. Plaintiff has provided the Court with no basis for exercising personal jurisdiction over Defendant. Because FELA does not mention service of process, the only means of effective service is pursuant to the laws of Mississippi, applicable according to Rule 4(e) of the Federal Rules of Civil Procedure. *Omni Capital International v. Rudolf Wolff & Company,* 484 U.S. 97, 108 S.Ct. 404, 98 L.Ed.2d 415 (1987). Plaintiff asserts no contacts between Defendant and Mississippi, thus Defendant is not amenable to service under the Mississippi long-arm statute as it applies to this case.[1] Consequently, this Court lacks personal jurisdiction over Defendant.

Apparently Plaintiff recognized this problem because he alleges jurisdiction based on diversity of citizenship rather than federal question. But, he must also obtain valid service of process in a diversity case in order for the Court to assert personal jurisdiction over Defendant. Since he cannot do this, the Court also lacks personal jurisdiction under the theory of jurisdiction based on diversity of citizenship.

Since this Court does not have jurisdiction, IT IS HEREBY ORDERED that this action shall be dismissed without prejudice, rather than ordered transferred.

SO ORDERED.

---

1. The most recent amendment of the Mississippi long-arm statute, Miss.Code Ann. § 13–3–57, went into effect on July 1, 1991. Because this action was commenced prior to that date, the statute applies as it existed in its previous form. The applicable version provides that a nonresident corporation is amenable to service in Mississippi if the corporation 1) makes a contract with a resident of the state to be performed in whole or in part in this state, 2) commits a tort in whole or in part in this state against a resident of this state, or 3) does business or performs any character of work or service in this state.