AMERICAN MILK PRODUCTS CORPORA-
TION v. UNITED STATES.

No. J–589.

Court of Claims.

June 2, 1930.

Jacob S. Seidman, of New York City, for plaintiff.

Lisle A. Smith, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (John H. Pigg, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, and WILLIAMS, Judges.

GREEN, Judge.

The plaintiff in this case failed to file its return for the year 1925 within the time fixed by an extension granted by the Commissioner. On account of this failure a penalty was assessed against it in the sum of $1,970.36, which it paid, and having duly filed a claim for the refund thereof, which was rejected, brings this action to recover this amount with interest, alleging that its failure to file a return within the time fixed by the Commissioner was due to a reasonable cause within the meaning of the statute. The issue in the case is whether the Commissioner erred in assessing this penalty.

There is no dispute about the material facts in the case. It appears from the evidence that the plaintiff first filed a tentative return of its taxes and then in April, 1926, made application for an extension until June 15, 1926. On April 30, 1926, plaintiff was granted an extension until June 15, 1926, in which to file its final return. Its assistant secretary and treasurer, who had complete charge of payment of taxes, erroneously made a note that the final return date was extended to June 30, 1926, instead of the correct date of June 15, 1926. On June 21, 1926, plaintiff concluded that it would need an additional extension of time until July 15 to file its final return, but an examination of its files disclosed that the last extension ran until June 15, 1926, and not June 30, 1926. Thereupon, plaintiff wrote to the collector at New York asking for further extension of time to July 15, and, not receiving any immediate reply, shortly afterwards made a verbal request for the additional extension of time in which to file its final return, which was not granted. Plaintiff was directed to file its return immediately, and a return was accordingly submitted on June 28, 1926, which finally turned out to be for $54.02 too much tax. Thereafter the plaintiff was assessed the penalty of $1,970.36 as above stated.

The statute (26 USCA § 98) under which this penalty was assessed provides in substance that where the failure to file a return within the time prescribed by the Commissioner "was due to a reasonable cause and not to willful neglect, no such addition (penalty) shall be made to the tax." The question in the case is whether under the circumstances there was "reasonable cause" for the failure to make the return in time.

The question of whether there was reasonable cause is one of fact to be decided in the first instance by the Commissioner under all of the circumstances in the case. We cannot reverse his decision unless upon all of the evidence it appears that he erred in determining that there was no reasonable cause for not filing the return within the time fixed. The plaintiff urges that the tax as finally paid by it in installments amounted to $54.02 more than was finally determined to be due, but this has nothing to do with the question of whether its officers had reasonable cause for not filing the return in time. The plaintiff's official who had charge of the matter made application for an extension to a certain time, namely June 15, 1926. The collector answered acknowledging the receipt of an application for an extension of time to this date and stating also that there was "attached a further extension of time to June 15th, 1926." Considering the fact that this was the time fixed in plaintiff's own application and that the date was repeated twice in the letter from the collector, we cannot say that the Commissioner erred in holding that the excuse given for not filing the return in time, namely, that the officer of plaintiff who had the matter in charge noted the date as June 30, 1926, was not a reasonable one.

The plaintiff also complains that notwithstanding it paid the tax in accordance with its second return, the penalty was assessed on the whole amount of the tax instead of upon the difference between the estimated amount as fixed in the original tentative return and the amount finally determined. But the so-called tentative return was, as we have heretofore held, not the return provided for in the statute and properly speaking no return at all, but merely an estimate of the tax due. The second return made by the plaintiff was filed after the expiration of the time fixed in the second extension. The plaintiff could not escape a

penalty by a return filed after the expiration of the extension. So far we think the rule is clear, but in a case like the one under consideration the question of upon what amount the penalty should be computed is a difficult one. The statute requires the penalty of 25 per cent. to be computed on "the tax." Do the words "the tax" mean the tax as shown by the return, or the tax that was delinquent? If the latter, the first two payments having been made before the tax was assessed and before any of it became delinquent under the extension granted, then the amount of these two payments should be deducted before computing the penalty. The penalty with which we are here concerned is distinctly for failure to file a return at the time. required by the statute, or within the time as extended by the Commissioner, and has nothing to do with the various other penalties provided by the Revenue Act of 1924 for negligence, for which a penalty of 5 per cent. of the deficiency is provided, section 275 (26 USCA § 1055), or for making a false or fraudulent return, for which a penalty of 50 per cent. of the deficiency is provided by section 275. If the tax is not paid on time, interest at 1 per cent. per month is provided, but no specific penalty for failure to pay the tax in time is provided. Section 227(a) of the Revenue Act of 1924 (26 USCA § 967(a) provides for the date on which the return shall be filed and gives the Commissioner the right to grant a reasonable extension of time for filing if application therefor is made before the date prescribed by law for filing the return, and section 270 of the act (26 USCA § 1041 et seq.) sets forth the dates on which the tax shall be paid. Section 3176 of the Revised Statutes, as amended by section 1311 of the Revenue Act of 1921 (26 USCA § 98), provides that in the case of any failure to make and file a return within the time prescribed by law, or prescribed by the Commissioner or the collector in pursuance of law, the Commissioner *shall add to the tax* 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file was due to a reasonable cause no such addition shall be made to the tax. Under the provisions of this section we think it was intended that the penalty for not making the return in time was to be computed upon the total of the correct tax and not upon the amount of tax delinquent at the time the return was made. Conceivably a taxpayer might under a tentative return or upon an extension of time to file, remit an amount which might ultimately be found to equal the correct tax, and never file the return required by the statute. It is clear that in such case he could not escape the penalty notwithstanding all the tax was paid, and the situation is certainly no better or different where he has paid only a portion of the tax. The penalty imposed is a means of punishment, United States v. Childs, 266 U. S. 304, 45 S. Ct. 110, 69 L. Ed. 299, and the tax is only the measure of it. The payment of a portion of the tax in no wise mitigates the infraction for which the penalty is exacted. It is urged on behalf of plaintiff that penalties under such circumstances as arise in the case at bar were often compromised by the Bureau of Internal Revenue for comparatively small sums. This may be true, since the Commissioner is given authority, by Rev. St. § 3229 (26 USCA § 158), to compromise a tax or penalty. However, we have no authority to make any compromises, but must take the statute as we find it.

The cases cited in support of plaintiff's position are not parallel in the facts although some of the language used might tend to support plaintiff's case. In the case of Cohn & Sons Co., 9 B. T. A. 87, which seems to be especially relied upon, a return was filed and taxes paid under the 1917 act, but a further return required by the 1918 act was not filed in time. In that case the board held that the penalty should only be assessed on the additional amount imposed by the 1918 act. But in that case there had been a legal return and taxes paid in accordance with it; in this case there was no legal return until after the expiration of the time fixed by the extension.

The claim for refund is merely for the amount of the penalty assessed and does not include the amount of any overpayment. The Commissioner computed the penalty upon the correct tax for the year 1925, and this suit is brought only for the recovery of the amount of the penalty. It follows that plaintiff's petition must be dismissed, and it is so ordered