**BERLIN v. COMMISSIONER OF INTERNAL REVENUE.**

**No. 339.**

Circuit Court of Appeals, Second Circuit.

June 20, 1932.

. MANTON, Circuit Judge, dissenting.

Gilbert & Gilbert, of New York City (A. S. Gilbert and Jerome E. Malino, both of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen. (Sewall Key, and John H. McEvers, Sp. Assts. to Atty. Gen., E. C. Crouter and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, both of Washington, D. C., and Maxwell M. Mahany, Sp. Atty., Bureau of Internal Revenue, of Washington, D. C., of counsel), for respondent.

Before MANTON, SWAN, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

The deficiency assessment involved in this appeal represents a 25 per cent. penalty, amounting to $3,354.64, which the Commissioner assessed against the taxpayer for the tardy filing of his income tax return for the year 1924. The penalty is claimed by virtue of section 1003 of the Revenue Act of 1924 (43 Stat. 339, 26 USCA § 98). This reads in part as follows:

"In case of any failure to make and file a return or list within the time prescribed by law, or prescribed by the Commissioner of Internal Revenue or the collector in pursuance of law, the Commissioner shall add to the tax 25 per centum of its amount, except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax. * * *"

Confessedly the return, filed on May 15, 1925, was late, but the taxpayer contends that under the circumstances hereafter to be related his failure to file it within the time prescribed by the Commissioner, "was due to a reasonable cause and not to willful neglect." If so, it was within the exception, and no penalty was incurred. The Board held the contrary, one member dissenting. The correctness of this ruling is the question presented.

Mr. Berlin, the taxpayer, is a musical composer, author, and publisher. His residence and place of business were in New York City. In the latter part of December, 1924, he went to Florida and shortly after his arrival contracted a cold which developed into a "bronchial condition" that caused his return to New York to be delayed until the end of April, 1925. For several years prior to 1924 the preparation and filing of income tax returns had been handled for Mr. Berlin by a firm of tax accountants; and prior to March 15, 1925, Mr. Leopold of this firm applied to the Commissioner for an extension of time to file the 1924 return on the ground that Mr. Berlin was out of the city and in ill health. Pursuant to section 227(a) of the Revenue Act of 1924 (43 Stat. 281 [26 USCA § 967 and note]) the Commissioner first granted an unconditional extension to April 15th, and subsequently, by letter dated April 14th, which referred to a request by Mr. Leopold for a further extension, extended the time to May 15th on condition that a tentative return be filed on April 15th and payment made of one-fourth of the estimated tax shown thereon to be due. Mr. Leopold testified that this letter from the Commissioner was received by him in New York on the evening of April 14th, and that he forthwith prepared and mailed to the collector at New York a tentative return showing no tax to be due. The

records of the collector, however, do not show the receipt of any tentative return. The Board did not find as a fact that none was mailed, but ruled that mailing did not comply with the condition that the tentative return be "filed." This ruling the taxpayer does not question. See United States v. Lombardo, 241 U. S. 73, 76, 36 S. Ct. 508, 60 L. Ed. 897. Assuming that he had complied with the conditions of the extension, Mr. Leopold prepared a complete return after Mr. Berlin's return from Florida and filed it, within the time prescribed, as he supposed, on May 15th. Although Mr. Leopold could have obtained much of the information necessary for a complete return from the taxpayer's New York office, information regarding certain deductions could be obtained only from Mr. Berlin himself.

It is urged by the petitioner that the "willful neglect" which justifies the imposition of a penalty must be that of the taxpayer personally, not that of his agent. However that may be when the taxpayer relies upon an agent whom he has supplied with all necessary information for the preparation of his return, in the case at bar the petitioner can relieve himself of a charge of having personally neglected the filing of his tax return only by claiming the benefit of his agent's efforts to procure an extension of time. Under such circumstances, we think he takes the benefit cum onere, and is chargeable with any "willful neglect" ascribable to his agent. See Eagle Piece Dye Works v. Commissioner, 10 B. T. A. 1360, 1368; cf. Beam v. Hamilton, 298 F. 9, 14 (C. C. A. 6). Hence the conduct of the petitioner's tax accountant must be examined.

The unconditional extension expired on April 15th. Prior to that time the accountant had applied for a further extension, which the Commissioner agreed to grant upon condition that a tentative return be filed and one-quarter of the estimated tax be paid on the 15th. Knowledge of this conditional extension reached the accountant late in the day on the 14th. Forthwith he prepared a "tentative return" showing gross income of $50,000, estimated deductions of the same figure, and no tax liability. This he deposited in the mail addressed to the collector, to whom he naturally supposed it would be delivered on the 15th. If this was a bona fide attempt to comply with the conditions of the proposed extension, we should hesitate to hold that the failure of the post office to make delivery to the addressee rendered the taxpayer guilty of willful neglect in failing to file his return within the time prescribed by law. But the Board has found that the accountant made no attempt to ascertain the petitioner's income for 1924, and that a return showing no tax liability was not a bona fide tentative return. If this finding is sustainable, then the accountant made no bona fide attempt to comply with the Commissioner's conditions and thus to procure a further extension for filing the complete return. The failure to file it within the time prescribed would therefore seem clearly to be due to "willful neglect" and without "reasonable cause." The burden of explaining the delay is by the regulations upon the taxpayer. Regulation 65, Art. 445. While it is true that the Commissioner's letter of April 14th stated that a tentative return meant only "a return on the appropriate income tax form, showing only the name and address of the taxpayer and the estimated amount, if any, of the tax due," still it required a bona fide estimate of the tax. See Florsheim Bros. Drygoods Co. v. United States, 280 U. S. 453, 462, 50 S. Ct. 215, 74 L. Ed. 542. The accountant argues that he had no time to investigate after receipt of the Commissioner's letter. Although the time was short, it did not preclude all investigation nor the possibility of any attempt at accuracy. The petitioner's business office was still open, for the accountant testified that he may have sent the tentative return there for signature, and filing of the return might have been delayed till late the next day by delivering it in person at the collector's office. In the meantime the books at the petitioner's office could have been consulted. No attempt was made to get any information whatever. The accountant simply assumed, as he testified, that the tentative return was "a mere formality." We cannot say that the Board's finding is wholly unsupported by the evidence. Hence the penalty was rightly imposed. See American Milk Products Corp. v. United States, 41 F.(2d) 966 (Ct. Cl.); Winston v. Commissioner, 22 B. T. A. 1194, 1199.

The order is affirmed.

MANTON, Circuit Judge (dissenting).

On the facts stated in Judge Swan's opinion, the unconditional extension to file a return expired April 15, 1925, but a further extension of one month was applied for and granted conditional upon filing a tentative return and payment of one-fourth of the estimated tax to be paid. This would have extended the time to May 15, 1925. On April 14th, the date of the receipt of knowledge of the grant of this conditional extension, the

taxpayer's accountant filed such a tentative return, with an explanation why he was doing so, showing income of $50,000 and deductions of the same amount with no tax liability. This was mailed and should have been received on the 15th. The final return was filed within the extended period and the tax paid. There is no evidence whatever to support the conclusion of the Board of Tax Appeals that it was not a bona fide effort, on short notice, to attend to the filing of the return and paying a tax. Filing tentative returns is allowed. There was reasonable cause shown for the delay. The instructions of the Commissioner in his letter of April 14, 1925, stated that a tentative return might be filed, and by it was meant "a return on the appropriate tax form, showing only the name and address of the taxpayer and the estimated amount, if any, of the tax due." This was complied with.

There is no justification for the conclusion that the taxpayer willfully failed to make and file a return within the time, and no penalty to the tax should be imposed.

I therefore dissent.