## CHARLES E. PEARSALL & SON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 50816. Promulgated January 16, 1934.

*Bernhard Knollenberg, Esq.*, and *R. E. Lee, Esq.*, for the petitioner.

*Arthur Clark, Esq.*, for the respondent.

### OPINION.

LEECH: Petitioner is a New York corporation now in dissolution. The petition herein was filed through Mabel E. Pearsall and Arthur R. Pearsall, its trustees in dissolution. Chapter 787 of the 1923 Corporation Law of New York State provides that a corporation in dissolution shall remain in existence for the purpose of suing and being sued in winding up its affairs. Its directors are trustees in charge of its liquidation.

Deficiencies were determined for years and in amounts as follows.

| | |
|---|---|
| 1925 | $962.92 |
| 1926 | 56.52 |
| 1927 | 44.32 |
| 1928 | 94.85 |

These deficiencies in tax the respondent has increased by 25 percent delinquency penalties, computed upon petitioner's entire tax, as follows:

| | |
|---|---|
| 1925 | $377.78 |
| 1926 | 475.99 |
| 1927 | 261.29 |
| 1928 | 289.70 |

Petitioner does not contest the correctness of the tax deficiencies asserted in the total amount of $1,158.61, but questions the delinquency penalties in the total of $1,404.76.

Petitioner was organized in 1899 and was operated, prior to the taxable years here in question, by Clarence A. Pearsall, husband of

Mabel E. Pearsall and father of Arthur R. Pearsall. Arthur R. Pearsall, shortly prior to the calendar year 1924, was elected secretary of petitioner. This action was taken for the reason that his father, Clarence A. Pearsall had, shortly prior to that time, suffered a stroke of paralysis and feared that in case of a second stroke there would be no one to sign checks for payrolls and other expenses, which would have to be met without delay. Arthur R. Pearsall, at the time of his election as secretary, knew nothing about the business and took no part in the management. Petitioner's business was that of pile driving, while Arthur R. Pearsall was employed by a separate stevedoring business, operated by his father. In this latter business Arthur R. Pearsall operated a coal hoist and looked after certain of the other stevedoring equipment.

On February 12, 1925, Clarence A. Pearsall, the father, suffered another stroke of paralysis following which, except for an interval of a few days in July of that year, he was unconscious until his death in the following November.

On February 12, 1925, Arthur R. Pearsall took charge of petitioner's business. He was without business training or experience and lacked knowledge of petitioner's affairs. These had been handled by his father, as the business was small and did not employ a bookkeeper nor the services of an accountant.

Arthur R. Pearsall carried on the business of petitioner, his time being spent in an endeavor to keep up the work and to continue his services with the stevedoring business. Such books as petitioner maintained were kept by him and from these he determined that petitioner, after paying expenses of operation, showed no profit for the years 1925, 1926, 1927, and 1928, and under such conditions it was his belief that income tax returns were not required.

In 1929 petitioner received a request from its bank to supply a list of its officers and a copy of the resolution authorizing signature to its banking paper. Pearsall then realized that action was necessary toward regularly electing new officers for petitioner as nothing had been done in this respect since his father's death. No meetings of stockholders had been held and no formal corporate action taken after that death. During this period Pearsall had merely carried on the work as best he could.

Pearsall thereupon consulted a firm of attorneys and upon looking into the matter this firm advised him that petitioner had been dissolved in 1926 by formal state action and since that time he had been acting technically as a trustee in liquidation and that it would be necessary to determine the stock ownership and get the affairs of petitioner upon some definite basis for the completion of the liquidation.

Pearsall was further informed by these attorneys that income tax returns should have been filed by petitioner for the four preceding years and the services of an accountant were at once secured. The latter, upon making an audit of petitioner's accounts, reported a net taxable income to have been received for each of the preceding four years and income tax returns were thereupon prepared and filed and the tax shown, with interest thereon, was paid.

Upon audit of the returns, above referred to, respondent determined the deficiencies above listed and increased these amounts by 25 percent delinquency penalties under section 1103 of the Revenue Act of 1926 and section 291 of the Revenue Act of 1928, which provide that in case of any failure to make and file a return or list within the time prescribed by law the Commissioner shall add to the tax 25 per centum of its amount, " except that when a return is filed after such time and it is shown that the failure to file it was due to a reasonable cause and not to willful neglect, no such addition shall be made to the tax." The total amount of the deficiencies and penalties was thereupon collected by respondent under jeopardy assessments.

We think the facts amply support petitioner's contention that the failure to file returns for the years in question was not due to willful neglect. We think this is clearly shown by the fact that Pearsall was ignorant of the requirements, but, upon learning of petitioner's duty to file these returns, took action at once to prepare and file them, when there was no evidence that respondent had knowledge of its failure to act.

But the proposed penalty is avoided only when, in addition to the absence of willful neglect, the tardy filing is the result of reasonable cause. *Rogers Hornsby*, 26 B.T.A. 591.

" Reasonable cause ", in the quoted applicable statutory provision, means such a cause as would prompt an ordinarily intelligent and prudent business man to have so acted under similar circumstances. Cf. *Smith* v. *Powers*, 255 Fed. 582. The respondent has so construed the term in article 446 of Regulations 69 and article 1211 of Regulations 74, which provide: " If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return in prescribed time, then the delay is due to reasonable cause."

Therefore, although the present facts are unusual, we can scarcely say that the petitioner's delinquency in filing these returns for four consecutive years was the result of reasonable cause. The penalty was properly imposed. *Berlin* v. *Commissioner*, 59 Fed. (2d) 996; *Rogers Hornsby, supra.*

Reviewed by the Board.

*Judgment will be entered for the respondent.*