Illinois Agricultural Holding Co. v. Commissioner.
Illinois Agric. Holding Co. v. Commissioner
Docket No. 32590.
United States Tax Court
1952 Tax Ct. Memo LEXIS 45; 11 T.C.M. (CCH) 1083; T.C.M. (RIA) 52318; October 31, 1952
*45 Petitioner, one of 17 companies affiliated with the Illinois Agricultural Association, a state farm bureau, filed its income tax return for the fiscal year ended September 30, 1947 on January 22, 1948, 38 days after the due date. Petitioner and its affiliates had moved their offices into new headquarters six months before the due date. Petitioner's controller responsible for filing income tax returns, or Form 990, for 12 of the affiliated companies, was busy preparing reports for annual meetings of such companies held November 1, 1947, six weeks before the due date. Petitioner and its controller had received printed copies of audit reports containing all information necessary for preparation of petitioner's income tax return on October 29, 1947, more than six weeks before the due date. Timely returns were filed for all the affiliated companies except petitioner. Held, on the evidence, the Commissioner correctly determined petitioner had not shown reasonable cause for failure to file its income tax return on or before the due date, December 15, 1947. Frank Burnjas, Esq., 43 E. Ohio St., Chicago, Ill., for the petitioner. Paul Levin, Esq., for the respondent. BRUCE Memorandum Findings of Fact and Opinion BRUCE, Judge: This proceeding involves delinquency penalties in the amount of $852.70 for petitioner's failure to file a timely corporation income tax return for the taxable year ended September 30, 1947. The sole question for decision is whether petitioner has shown "reasonable cause" for its failure to *47 file a timely return within the meaning of section 291 (a) of the Internal Revenue Code. Applicable provisions of the Internal Revenue Code are set forth in the margin. [1] The case was submitted on a partial stipulation of facts, hereby incorporated by reference in our Findings of Fact, and oral testimony adduced at the hearing. *48 Findings of Fact Petitioner is an Illinois corporation with offices in Chicago. It reported its income on the accrual basis for a fiscal year ended September 30. Its income tax return for the fiscal year ended September 30, 1947 was filed with the collector of internal revenue at Chicago, Illinois on January 22, 1948 without having obtained permission from the collector of internal revenue to file said return after its due date, December 15, 1947. Attached to the return was an affidavit of petitioner's controller setting forth reasons for the late filing. Said return was also accompanied by a check for $8,580.21, representing payment in full of income taxes in the amount of $8,527.01 and interest in the amount of $53.20 for 38 days. Petitioner is one of 17 companies affiliated with the Illinois Agricultural Association, a state farm bureau. It is the holder of all the stock of the Country Life Insurance Company, an Illinois old line legal reserve life insurance company, and is engaged in no other business. All its income for the taxable year, with the exception of $13.65 interest, consisted of dividends received from the insurance company. Headquarters for the Illinois Agricultural *49 Association and twelve of its affiliates, including petitioner, were located at 608 South Dearborn Street, Chicago, Illinois, until the latter part of June 1947, when they moved into a 12 story building at 43 East Ohio Street, Chicago, Illinois. C. C. Chapelle was general controller for the Illinois Agricultural Association and all but two of its affiliated companies from June 1947 to about July 1952. His duties included the filing of income tax returns for those companies, including petitioner, required to file tax returns, and the filing of Form 990, information returns, for those companies which were exempt under section 101 of the Internal Revenue Code. Prior to 1947 Chapelle had been connected with the Illinois Agricultural Auditing Association, his duties being connected with income tax matters for the members of that association, consisting of four or five hundred co-operatives throughout the state. Timely income tax returns, or Form 990 were filed with the collector of internal revenue for all the above companies for the year 1947 except for petitioner. Petitioner's books and records were audited by a firm of certified public accountants in October *50 1947 and printed copies of the audit report, disclosing all income and disbursements for the fiscal year ended September 30, 1947, were delivered to petitioner and to its controller on October 29, 1947. Petitioner's failure to file its income tax return for the fiscal year ended September 30, 1947, within the time allowed by section 53 (a), Internal Revenue Code, was not due to reasonable cause. Opinion Petitioner's income tax return for the fiscal year ended September 30, 1947, due December 15, 1947 (section 53 (a) (1), Internal Revenue Code), was filed January 22, 1948, or 38 days late. The full amount of the tax due, together with interest thereon for 38 days, was paid at the time the return was filed so that no deficiency in tax is involved. Respondent has determined, however, that reasonable cause for the delay in filing was not shown and accordingly petitioner is liable for 10 per cent penalty under section 291 (a) of the Internal Revenue Code. The correctness of the Commissioner's determination is the only question involved. Section 291 (a) of the Internal Revenue Code imposes a *51 penalty upon the failure of a taxpayer to make and file an income tax return within the prescribed time "unless it is shown such failure is due to reasonable cause and not due to willful neglect." The Commissioner did not charge the taxpayer with "willful neglect" (see notice attached to petition) so that that question is not presented. However, both conditions - "reasonable cause" for the failure and that it was "not due to willful neglect", must be shown to have existed in order that such penalty may be avoided. Rogers Hornsby, 26 B.T.A. 591, 593; Charles E. Pearsall & Son, 29 B.T.A. 747, 749. The burden of excusing the failure is on the taxpayer. Sabatini v. Commissioner, 98 Fed. (2d) 753. Petitioner's controller, responsible for the timely preparation and filing of its income tax return, testified that the filing of petitioner's return for the taxable year involved was "overlooked" and gave as reason the following circumstances: In the latter part of June 1947 the Illinois Agricultural Association and 12 of its affiliated companies, including petitioner, moved their headquarters from 608 South Dearborn Street to 43 East Ohio Street, Chicago, *52 Illinois. It is claimed this caused some confusion in the records of petitioner. Chapelle, petitioner's controller, was also busy preparing reports for the Illinois Agricultural Association and its affiliates for the annual meetings around November 1. Reasonable cause has been defined to mean the exercise of ordinary business care and prudence. Southeastern Finance Company v. Commissioner, 153 Fed. (2d) 205. Girard Investment Company v. Commissioner, 122 Fed. (2d) 843. In the case of Spies v. United States, 317 U.S. 492 the Supreme Court, referring to section 291 (a) of the Internal Revenue Code, stated "Punctuality is important to the fiscal system, and these are sanctions to assure punctual as well as faithful performance of these duties." See also Plunkett v. Commissioner, 118 Fed. (2d) 644, 650, affirming 41 B.T.A. 700, where it is stated "That the failure was due to inadvertence does not relieve the petitioner from the imposition of the penalty. The penalty is not primarily punitive in nature, but is an attempt to protect the revenue." In Ned Wayburn, 32 B.T.A. 813, 818, this *53 Court pointed out that "The rendering of a proper return should be regarded by every citizen as a vital part of his life, equally with that of attention to his business." Forgetfulness has been held not to constitute "reasonable cause" for failure to file timely income tax returns. Rogers Hornsby, supra; Gus V. Winston, et al., 22 B.T.A. 1194. Neither the moving of petitioner's offices six months before the due date of his income tax return, nor the fact that petitioner's controller was busy preparing reports for annual meetings held six weeks before the due date of the income tax return constitutes reasonable cause for petitioner's failure to file its income tax return on or before December 15, 1947. This conclusion is buttressed by the fact that petitioner and its controller were furnished audit reports containing information necessary to the preparation of its income tax return more than six weeks prior to the due date, and by the fact that petitioner's controller did prepare and timely file income tax returns for some 12 affiliated companies. In failing to file its return timely petitioner did not exercise ordinary business care and prudence. The Commissioner *54 correctly determined that petitioner did not show reasonable cause for its failure to file its income tax return for the fiscal year ended September 30, 1947 on or before December 15, 1947. Decision will be entered for the respondent. Footnotes
1. SEC. 53. TIME AND PLACE FOR FILING RETURNS. (a) TIME FOR FILING. - (1) GENERAL RULE. - * * * Returns made on the basis of a fiscal year shall be made on or before the fifteenth day of the third month following the close of the fiscal year. * * * (2) EXTENSION OF TIME. - The Commissioner may grant a reasonable extension of time for filing returns, under such rules and regulations as he shall prescribe with the approval of the Secretary. Except in the case of taxpayers who are abroad, no such extension shall be for more than six months. SEC. 291. FAILURE TO FILE RETURN. (a) In case of any failure to make and file return required by this chapter, within the time prescribed by law or prescribed by the Commissioner in pursuance of law, unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the tax: 5 per centum if the failure is for not more than thirty days with an additional 5 per centum for each additional thirty days or fraction thereof during which such failure continues, not exceeding 25 per centum in the aggregate. * * * The amount added to the tax under this section shall be in lieu of the 25 per centum addition to the tax provided in section 3612 (d) (1).↩