Bowden Concrete Products, Inc. v. Commissioner.
Bowden Concrete Products, Inc. v. Commissioner
Docket No. 85662.
United States Tax Court
T.C. Memo 1961-307; 1961 Tax Ct. Memo LEXIS 42; 20 T.C.M. (CCH) 1584; T.C.M. (RIA) 61307; November 9, 1961
*42 Held, that the petitioner's failure to file a Federal income tax return for the taxable year ended August 31, 1956, within the time prescribed by law, was not due to reasonable cause; accordingly, the petitioner is liable for an addition to tax for that year pursuant to section 6651(a) of the Internal Revenue Code of 1954. P. K. Seidman, Esq., 63 South Main Bldg., Memphis, Tenn., for the petitioner. Robert B. Milsten, Esq., for the respondent. ATKINS
Memorandum Findings of Fact and Opinion ATKINS, Judge: The respondent determined deficiencies in income tax and additions thereto as *43 follows: Addition to
Tax I.R.C.
1954 Sec.
Year
Income Tax
6651(a)
August 31, 1956
$10,801.58
$2,700.40
August 31, 1957
4,710.34
At the hearing the petitioner conceded that the deficiencies in income tax for the taxable years ended August 31, 1956, and August 31, 1957, were properly determined by the respondent, leaving for decision only the issue of whether petitioner is liable for additions to tax for failure timely to file an income tax return for the taxable year ended August 31, 1956. Findings of Fact The petitioner is a Tennessee corporation organized in 1953 with its office in Memphis, Tennessee. Jones E. Bowden is its president and owns most of its voting stock. He, as president, signed the petitioner's income tax returns and wrote its checks for payment of any tax due. From the time of its incorporation in 1953, the petitioner has retained a firm of certified public accountants to prepare its corporate income tax returns and render tax advice. There was no written agreement and no specific understanding as to the extent of the responsibility of the accounting firm with respect to petitioner's returns. It was the general practice *44 of the accounting firm to prepare returns for clients and then mail the returns to them for filing with the Internal Revenue Service. It was its custom in each case to send a sheet of filing instructions and a copy of the return for the client to retain. The filing instructions of the accounting firm are on a form which sets forth the nature of the return, the year involved, whether a tax is due, the due date for filing, and the district director's office to which the return is to be mailed. Customarily the client then signs the return and mails it, together with a check, to the Internal Revenue Service. On some occasions, as when the time for filing is imminent, the accounting firm obtains the signature of the taxpayer and files the return itself. The same instruction form is used whether the return is filed by the client or by the accounting firm. Such form does not itself state whether the return has already been filed by the accounting firm. For the taxable year ended August 31, 1954, the accounting firm prepared the petitioner's income tax return and mailed it to the petitioner for filing, and the return was timely filed. For the taxable year ended August 31, 1955, the accounting *45 firm called the petitioner's president, Bowden, into its office to sign the petitioner's return and draw a check for the amount of tax due for that year. This was necessary because of the nearness of the deadline for filing the petitioner's returns for that year. The accounting firm then delivered the return to the Memphis office of the district director of Internal Revenue and mailed to petitioner a copy of the return, together with a filing instruction form attached thereto. The petitioner's income tax return for the taxable year ended August 31, 1956, was due to be filed on or before November 15, 1956. The return was prepared by the accounting firm on October 8, 1956, and on October 26, 1956, it was mailed to Bowden for filing at the office of the local district director of internal revenue. Included with the return was the client's copy and the usual filing instructions. Such return was not filed on or before November 15, 1956. Approximately a year later the accounting firm was notified by a revenue agent that a return had not been filed on behalf of the petitioner for the taxable year ended August 31, 1956. The accounting firm contacted Bowden who advised them that he had relied *46 on the firm to file the return and thought it had been filed. The accounting firm then prepared a return from a penciled copy which it had retained, had the return signed by Bowden as president of the petitioner on November 18, 1957, and filed it with the Memphis office of the district director of internal revenue on that date. The return as filed contained no explanation for the delinquency in filing. The amount of tax shown to be due on the return, $951.12, was not remitted with the return. Such amount was paid on January 18, 1960. The accounting firm also prepared the joint income tax returns for Bowden and his wife for the taxable years 1954, 1955, and 1956. At the time for filing each of these returns, Bowden was requested to come to the office of the accounting firm where he signed the returns and drew checks where necessary for payment of the taxes due. The firm then delivered the returns to the Memphis office of the district director and mailed copies of the returns to Bowden for him to retain in his file. The reason for having Bowden come to the office of the accounting firm with respect to the return for each of the years was again in the interest of having the return filed *47 on time. In the notice of deficiency the respondent determined an addition to tax for the taxable year ended August 31, 1956, in the amount of $2,700.40, stating: Since your income tax return for the taxable year ended August 31, 1956, was not filed within the time prescribed by law, 25 per centum of the tax has been added thereto in accordance with the provisions of section 6651(a) of the Internal Revenue Code of 1954. The failure of the petitioner to file on or before November 15, 1956, an income tax return for the taxable year ended August 31, 1956, was not due to reasonable cause. Opinion Section 6651(a) of the Internal Revenue Code of 1954[1] provides for an addition to tax in case of failure to timely file any return, unless it is shown that such failure is due to reasonable cause and not due to willful neglect. *48 The return of the petitioner for the taxable year ended August 31, 1956, was due to be filed on or before November 15, 1956 (see section 6072(b) of the Internal Revenue Code of 1954), but was not filed until November 18, 1957. The petitioner contends that its failure to file within the prescribed time was due to reasonable cause and not due to willful neglect. The petitioner's president testified that he did not know when the income tax returns of the petitioner were required to be filed, that he left all matters pertaining to taxes to the firm of certified public accountants, and that he relied on that firm to file the return for the taxable year ended August 31, 1956. He further testified that he did not knowingly and willfully fail to file a return on behalf of the petitioner for that year. Whether or not a failure to file timely was due to willful neglect, the addition to tax must be made unless such failure has been shown to be due to reasonable cause. Charles E. Pearsall & Son, 29 B.T.A. 747, and Beck Chemical Equipment Corporation, 27 T.C. 840. Reasonable cause has been defined to mean the exercise by a taxpayer of ordinary *49 business care and prudence. Beck Chemical Equipment Corporation, supra, Calvert Iron Works, Inc., 26 T.C. 770, and Robinson's Dairy, Inc., 35 T.C. 601 (on appeal C.A. 10). The petitioner's president, Bowden, was accustomed to signing the returns on behalf of the petitioner and drawing the checks in payment of any taxes due. The record is clear that the accounting firm timely prepared a return and furnished it to Bowden for signature and filing. His failure to execute the return and file it is not satisfactorily explained. The gist of his testimony was that while he does not specifically remember receiving from the accounting firm the return for the taxable year ended August 31, 1956, or for any other particular year, he would think that he received what he normally received when the accountants filed the tax return. He stated that generally when returns and instruction sheets are received from the accounting firm they are turned over to the bookkeeper to be placed in the business files. In our opinion his testimony, and the other facts of record, indicate that he did not exercise ordinary business care and prudence with respect to the responsibility *50 for the filing by the corporation of its return for the year in question. We think that in the exercise of ordinary care and prudence he, as an intelligent business man and as president of the corporation, should have been aware of the time for filing the corporation returns and should have realized that he had not signed a return and paid any taxes due by the corporation for such year. It has been held that, with regard to their duty to timely file declarations or returns, taxpayers may not shift the burden to an accountant and claim that their failure was due to reasonable cause merely because the accountant did not timely prepare the proper returns and advise them to file. R. A. Bryan, 32 T.C. 104, affd. (C.A. 4) 281 F. 2d 238, certiorari denied 364 U.S. 931. See also Hyman B. Stone, 22 T.C. 893; Home Guaranty Abstract Co., 8 T.C. 617; Robinson's Dairy, supra; Coates v. Commissioner (C.A. 8) 234 F. 2d 459, affirming a Memorandum Opinion of this Court; and Berlin v. Commissioner (C.A. 2), 59 F. 2d 996, affirming a Memorandum Opinion of this Court. As stated in R. A. Bryan, supra, *51 reliance upon a professional man, believed to be an expert, may be reasonable cause for delay in filing, but we do not have that situation here. Not only did petitioner not rely upon professional advice in failing to file; the accounting firm prepared and timely presented the return to be signed and filed. It is of no consequence that for the prior year the accounting firm, due to the imminence of the filing date, obtained the signature of the petitioner's president on the return for such prior year and itself filed the return, and that the accounting firm similarly, and for the same reason, filed the personal returns of the petitioner's president and his wife for three years. It is our conclusion, and we have found as a fact, that the petitioner's failure to file timely its return for the taxable year ended August 31, 1956, was not due to reasonable cause. Accordingly, the respondent did not err in determining the addition to tax under section 6651(a) for the taxable year ended August 31, 1956. Decision will be entered for the respondent. Footnotes
1. Section 6651 of the Internal Revenue Code of 1954 provides that: In case of failure to file any return * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.↩