*Decision will be entered under Rule 50.*

MYRTLE BERLIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4445–62. Filed May 8, 1964.

*Max H. Dennis* and *John Driskill*, for the petitioner.
*Meno W. Piliaris*, for the respondent.

#### OPINION

MULRONEY, *Judge:* Respondent determined income tax deficiencies and additions to tax as follows:

| Year | Income tax deficiency | Additions to tax | |
|---|---|---|---|
| | | Sec. 6653(b)[1] | Sec. 6654[1] |
| 1956 | $1,576.00 | $788.00 | $40.48 |
| 1957 | 1,591.75 | 795.88 | 40.49 |
| 1958 | 1,423.75 | 711.88 | 35.90 |
| 1959 | 1,462.00 | 731.00 | 35.90 |
| 1960 | 1,498.00 | 749.00 | 35.90 |
| 1961 | 1,271.80 | 635.90 | 29.55 |

[1] All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.

In an amendment to his answer respondent claimed, as an alternative to the determination under section 6653(b), additions to tax under section 6651 for the years 1956 through 1961 in the respective amounts of $394, $397.94, $355.94, $365.50, $374.50, and $317.95.

The issues are (1) whether respondent correctly included certain amounts in petitioner's income for the years 1956 through 1961; (2) whether any part of the underpayment of tax in the years 1956 through 1961 was due to fraud within the meaning of section 6653(b), or in the alternative, whether petitioner is liable for additions to tax under section 6651 for failure to file income tax returns in each of the years 1956 through 1961; and (3) whether petitioner is liable for additions to tax under section 6654 for failure to pay estimated income tax in each of the years 1956 through 1961.

Myrtle Berlin, hereinafter called petitioner, is a resident of Wilmington, Clinton County, Ohio. Petitioner filed no income tax returns for the years 1956 through 1961. Petitioner maintained no books and records during the years 1956 through 1961. During the years 1956 through 1961 the petitioner performed illegal abortions in her home, which was equipped with surgical equipment and various types of medicine. In November 1961 petitioner was questioned by police officers in connection with her illegal activities. Petitioner was indicted by the grand jury of Clinton County, Ohio, for an illegal abortion alleged to have been performed in her home.

Respondent determined that petitioner received $7,800 from this illegal activity in each of the years 1956 through 1960 and $7,050 in 1961. The computation of unreported income was based on the performance by petitioner of an average of three abortions a week for a fee of $50 for each abortion.

In *Harold E. Harbin*, 40 T.C. 373, we stated that "where a taxpayer keeps no books or records, or his records are inadequate, the Commissioner is authorized to compute income by whatever method will, in his opinion, clearly reflect the taxpayer's income" and that "no particular method is required since circumstances will vary in individual cases."

Respondent based his determination in this case upon voluntary statements made by petitioner while in the custody of police officers as to the extent of her illegal activities. One of the officers who was present during these disclosures testified at the trial that petitioner voluntarily admitted performing illegal abortions during the years 1956 through 1961 on an average of three a week and that she obtained $50 for each abortion. Two witnesses also testified at the trial as to abortions performed during the period for a fee of $50.

Petitioner, who was present at the trial, did not testify. Petitioner offered no evidence to rebut the presumption of correctness which attaches to respondent's determination. Petitioner's entire argument is that her disclosures, which formed the basis of respondent's determination, were illegally obtained and that consequently such evidence is inadmissible here. The authorities cited by petitioner deal essen-

tially with the admissibility of evidence in criminal trials in Federal courts. See *McNabb* v. *United States*, 318 U.S. 332. Petitioner's reliance on such cases is misplaced. As voluntary disclosures of taxable income the statements formed a competent basis for income determination. There is no evidence that the statements were not correct or not voluntarily made. We cannot, on this record, say that respondent's determinations, even though necessarily based upon estimates, were in any way arbitrary or unreasonable. Under the circumstances we feel that respondent's approximations were made on a reasonable basis. We sustain respondent's determinations of deficiencies in petitioner's income tax in each of the years 1956 through 1961.

Respondent determined that a part of the underpayment of tax in each of the years 1956 through 1961 was due to fraud. Sec. 6653(b). Respondent has the burden on this issue. We have here a pattern of consistent failure to keep any books and records whatsoever, a failure to file any income tax returns for the years before us, and evidence of illegal income-producing activities over the years. There is also some evidence of substantial amounts of cash kept in petitioner's home. Petitioner offers no extenuating circumstances for her failure to record and report income which we feel certain she knew was taxable. Her failure to file any income tax returns for a period of 6 years evidences, under the facts of this case, a fraudulent intent. See *Arthur M. Slavin*, 43 B.T.A. 1100. We find, and so hold, that a part of the underpayment of petitioner's tax for each of the years 1956 through 1961 was due to fraud within the meaning of section 6653(b). In view of our holding on this issue we do not reach respondent's alternative contention that petitioner is liable for additions to tax under section 6651 for failure to file tax returns for the years 1956 through 1961.

Respondent also determined that petitioner is liable for additions to tax under section 6654 for petitioner's failure to pay estimated income tax during each of the years 1956 through 1961. There is no indication in the record that petitioner made any payments of estimated income tax during the years before us. Section 6654 imposes the additions to tax "In the case of any underpayment of estimated tax by an individual," with certain exceptions not applicable here. We sustain respondent on this issue.

*Decision will be entered for the respondent.*