Neva Jean King v. Commissioner. Kenneth R. King v. Commissioner.
King v. Commissioner
Docket Nos. 5543-69, 5544-69.
United States Tax Court
T.C. Memo 1971-317; 1971 Tax Ct. Memo LEXIS 14; 30 T.C.M. (CCH) 1359; T.C.M. (RIA) 71317; December 20, 1971, Filed. Kenneth R. King, pro se, 3819 Fry Ave., Tyler, Tex. D. Ronald *15 Morello, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: Based on stipulated gross income figures for the years 1956, 1957, 1959, 1962, 1963, 1964, and 1965, the respondent asserted deficiencies and additions to tax, as follows: *13
Neva Jean King *13
Additions to tax under
Sec.
Sec.
Sec.
Year
Deficiency
6651(a)
6653(a)
6654
1956
$ 82.08
$ 20.52
$ 4.10
1957
177.31
44.33
8.87
1959
271.86
35.19
13.59
1962
306.40
70.22
15.32
1963
673.40
150.89
33.67
16.06
1964
1,132.70
265.43
56.64
28.88
1965
1,924.08
459.72
96.20
50.47 *13
Kenneth R. King *13
Additions to tax under
Year
Deficiency
Sec. 6653(b)
Sec. 6654
1956
$ 208.08
$ 104.04
1957
319.06
159.53
1959
189.36
94.68
1962
412.00
206.00
1963
800.60
400.30
12.58
1964
1,250.90
625.45
24.93
1965
2,015.28
1,007.64
45.76 1360 The issues for decision are: (1) Whether petitioner, Neva Jean King, is liable for the additions to tax under section 6651(a) [1] for the years in question; (2) Whether the petitioner, Neva Jean King, is liable for the additions to tax *16 under section 6653(a) for the years in question; (3) Whether the petitioners are liable for the additions to tax under section 6654 for the years 1963, 1964, and 1965; and (4) Whether petitioner, Kenneth R. King, is subject to the fraud penalty as imposed by section 6653(b) for the years in question. Findings of Fact Some of the facts have been stipulated; they are so found and incorporated herein by this reference. The petitioners, Neva Jean King (sometimes hereinafter referred to as Neva Jean) and Kenneth R. King (sometimes hereinafter referred to as Kenneth), were husband and wife during all the taxable years involved herein. The petitioners' legal residence on the date of the filing of the petition was Tyler, Texas. Kenneth was a licensed attorney during all the years before the Court. He received his law degree from the University of Texas and was a member of the Texas bar. He also had studied accounting and had been employed as a bookkeeper for an automobile agency. Petitioner, Kenneth, was competent to prepare income tax returns and had prepared income tax returns for his clients. Neva Jean *17 during some of the years in question had worked as a legal secretary and received W-2 forms relating to salary received in that capacity. The petitioners filed no income tax returns for the years 1956 through 1960. In 1961 petitioner, Kenneth, worked for the Texas House of Representatives and received a salary from which income tax was withheld. He received a W-2 form for that year and, realizing that there was now some record of his earnings, he felt compelled to file an income tax return for 1961. In order to conceal his delinquent status for the years 1956 through 1960, he filed a joint return for 1961 wherein the petitioners were entitled to a refund of $515.45 which was received by them. In 1963 Kenneth apparently had a change of heart and asked an accountant to prepare tax returns for the years 1956 through 1960 so that he would be able to file delinquent returns. These returns were prepared and revealed to the petitioners that a tax liability did exist for the years 1956, 1957, and 1959. However, Kenneth then noticed in a newspaper article that a Texas attorney had been disbarred for his failure to file income tax returns. He never filed the delinquent returns for fear *18 that a discovery of his delinquency would lead to his own disbarment proceedings. The petitioners also failed to file income tax returns for the years 1962 through 1965. They failed to file estimated tax returns for the years 1963, 1964, and 1965. In 1969 the petitioner, Kenneth, was indicted for willful failure to file income tax returns for the years 1964 and 1965 in violation of section 7203 of the Internal Revenue Code of 1954. He entered a plea of guilty to failure to file an income tax return for the year 1965 and was sentenced to a term in a federal correctional institution. On August 8, 1969, the respondent issued deficiency notices alleging therein that petitioners were liable for additions to tax under sections 6651(a), 6653(a), 6654, and fraud penalty under section 6653(b). Opinion The first issue involves Neva Jean's liability for the additions to tax under section 6651(a) [2] for 1956, 1957, 1959, and 1962 through 1965. Section 6651(a) imposes a penalty for the failure of a taxpayer to make and file an income tax return within the prescribed period of time unless it is shown such failure is due to reasonable cause and not due to willful *19 neglect. Both conditions, "reasonable cause" for the failure and that it was "not due to willful neglect," must be shown to have existed in order that such penalty be avoided. See Leo Sanders, 21 T.C. 1012 (1954), affd. 225 F. 2d 629 (C.A. 10, 1955); Michael Downs, 1361 7 T.C. 1053 (1946), affd. 166 F. 2d 504 (C.A. 9, 1948); Charles E. Pearsall & Son, 29 B.T.A. 747 (1934); and Rogers Hornsby, 26 B.T.A. 591 (1932). Even in the absence of "willful neglect," an addition to the tax will be made unless the failure to file has been shown to be due to reasonable cause. Beck Chemical Equipment Corporation, 27 T.C. 840 (1957); *20 Charles E. Pearsall & Son, supra.
"[Reasonable cause" has been defined to mean "such a cause as would prompt an ordinarily intelligent and prudent business man to have so acted under similar circumstances." Charles E. Pearsall & Son, supra, at 749; see also Robinson's Dairy, Inc. 35 T.C. 601 (1961), affd. 302 F. 2d 42 (C.A. 10, 1962); Calvert Iron Works, Inc. 26 T.C. 770 (1956); Beck Chemical Equipment Corporation, supra. Whether there has been reasonable cause for the failure to timely file is obviously an issue of fact and the burden of proving this issue is upon the taxpayer. Michael Downs, supra; Welch v. Helvering, 290 U.S. 111 (1933). In our opinion, the petitioners have not adequately met this burden. The Court of Appeals for the Fifth Circuit, to which an appeal in this case would lie, has held - If a taxpayer relies on a practicing lawyer's advice in failing to file a timely or proper return, taxpayer will be deemed to have exercised reasonable care and will not be held guilty of wilful neglect for purpose of imposition of penalties, even without a showing that the lawyer in *21 fact was a tax expert, but this excuse will only be effective if there was actual reliance on such advice. * * * Mayflower Investment Co. v. Commissioner, 239 F. 2d 624 (C.A. 5, 1956), affirming 24 T.C. 729 (1955). Neva Jean has not offered a shred of reliable evidence on her own behalf tending to establish the requisite reliance. Among other things, she refused to testify. On brief Kenneth stated he had informed respondent prior to trial that "Neva Jean King was excessively afraid of the Internal Revenue Service and that such Petitioner would not appear at the trial under any circumstances, * * * even if the Court dismissed per petition." The major testimony offered on behalf of Neva Jean is by her husband, who as the principal income provider, presumably will suffer the burden of any deficiencies. The only other witness is an attorney whom Neva Jean consulted on marital problems. He was only indirectly acquainted with her financial affairs. In light of the fact that Neva Jean received W-2 forms relating to her work as a legal secretary, and filed a 1961 income tax return which she signed, it is incumbent upon her to present a greater quantum of *22 evidence to warrant a conclusion that her failure to file for other years was due to reasonable cause. "It was certainly not reasonable simply to assume that her husband had signed her name to the returns, expecially when she did not even attempt to verify the existence of said returns." Anne Goyne Mitchell, 51 T.C. 641, 647 (1969), reversed 430 F. 2d 1 (C.A. 5, 1970), Court of Appeals reversed by Supreme Court 403 U.S. 190 (1971). While the general nature of the husband-wife relationship lends crednce to petitioners' argument that Neva Jean was completely dependent on her husband in financial matters, in the absence of a showing of creditable evidence we are reluctant, and in fact refuse, to base our decision solely on such a generality. The second issue in the case before us is Neva Jean's liability for the additions to tax under section 6653(a) for the years 1956, 1957, 1959, and 1962 through 1965. Section 6653(a) [3] imposes a penalty upon the taxpayer if any part of an underpayment of tax is due to negligence or intentional disregard of rules and regulations. The burden of proving that the imposition of this addition is erroneous rests *23 upon the petitioner. Leroy Jewelry Co., 36 T.C. 443, 445 (1961); David Courtney, 28 T.C. 658, 669 (1957); and Ralph Romine, 25 T.C. 859, 877 (1956). shall be added to the tax an amount equal to (but without intent to defraud), there or intentional disregard of rules and regulations underpayment * * * is due to negligence to Income or Gift Taxes. - If any part of any of Rules and Regulations With Respect Neva Jean was also liable for the penalties imposed by section 6653(a). We are sympathetic to her plight, but again her failure to offer sufficient evidence in her own behalf leaves us no alternative but 1362 to find that her underpayment resulted from "negligence or intentional disregard of rules and regulations." See Anne Goyne Mitchell, supra, at 647. The submission of adequate records to an attorney or accountant and a good faith reliance on his advice are sufficient to meet the burden of disproving that the underpayment was due to negligence or intentional disregard of rules and regulations. Conlorez Corp., 51 T.C. 467 (1968); *24 Leo A. Woodbury, 49 T.C. 180 (1967). However, the petitioners simply have not come forward with any competent direct evidence to prove such good faith reliance. The third issue for determination is the petitioners' liability for additions to the tax under section 6654 [4] for the years 1963, 1964, and 1965. Section 6654 provides for an addition to the tax in the case of an underpayment of estimated tax by an individual. There are certain exceptions to section 6654. The petitioners having shown no indication that they fell within any of the exceptions, we can only conclude otherwise. There is no indication in the record that petitioners made any payments of estimated income tax during the years before us and the addition to the tax under section 6654 was correctly asserted. "Section 6654(a) is mandatory and the addition to tax is imposed unless one of the *25 exceptions applies." See Myrtle Berlin, 42 T.C. 355 (1964); Estate of Howard T. Roe, 36 T.C. 939 (1961); and Estate of Barney Ruben, 33 T.C. 1071 (1960). The final issue herein is whether Kenneth is subject to the fraud penalty imposed by section 6653(b). [5] The meaning of fraud within section 6653(b) is "actual and intentional wrongdoing with a special intent to evade the tax." See Fairchild v. United States, 240 F. 2d 944, 947 (C.A. 5, 1957); see also Estate of Louis L. Briden, 11 T.C. 1095 (1948), affd. 179 F. 2d 619 (C.A. 1, 1950). The proof of fraud is found by surveying the taxpayer's whole course *26 of conduct and is a question of fact to be adduced from all the facts and circumstances surrounding the taxpayer's entire course of conduct. William G. Stratton, 54 T.C. 255 (1970); Tsuneo Otsuki, 53 T.C. 96 (1969); Welburn Mayock, 32 T.C. 966 (1959); and M. Rea Gano, 19 B.T.A. 518 (1930). The burden of proof in respect to this issue is upon the respondent [6] and he must meet this burden by clear and convincing evidence. William G. Stratton, supra; and Frank Imburgia, 22 T.C. 1002 (1954). The petitioners in this case failed to file returns for the years 1956 through 1960 and 1962 through 1965. To support a finding of fraud, it is incumbent upon the respondent to show more than just the taxpayer's mere failure to file an income tax return. First Trust & Savings Bank v. United States, 206 F. 2d 97 (C.A. 8, 1953). While a showing of willful failure to file a return *27 is not alone sufficient PROOF of fraud when the taxpayer establishes an acceptable explanation for this failure, this Court has found that an unsatisfactorily explained failure to file does constitute EVIDENCE of fraudulent intent. Cf. Charles F. Bennett, 30 T.C. 114 (1958), and Fred N. Acker, 26 T.C. 107 (1956). Kenneth testified that he was going to file the delinquent returns that had been prepared but he was afraid to do so because of a newspaper article which told of a Texas attorney who was disbarred for his failure to file income tax returns. He contends that after 1963 his continued failure to file delinquent returns was due to fear that discovery of his previous delinquency would cause him to suffer the same fate as 1363 his colleague. A similar explanation was previously rejected as unsatisfactory. See Stoltzfus v. United States, 398 F. 2d 1002 (C.A. 3, 1968). In St0ltzfus, supra, at 1005, among other things the taxpayer argued that his failure to file was not due to fraudulent intent but rather his fear of "summary criminal prosecution." The court in that case held that such testimony "was in itself an admission that he did *28 not file in order to conceal his prior years defalcations." The court found that such conduct was contrary to an innocent state of mind and was some evidence of an intent to fraudulently avoid paying taxes knowingly due. See also Fred N. Acker, supra, at 113. Other than the willful failure to file, and Kenneth's unsatisfactory explanation of such, the respondent has come forward with several factors which lead to the conclusion that the requisite fraudulent intent was present in the case at bar. While respondent's evidence may not be conclusive and direct proof, it is well established that circumstantial evidence is a permissible means by which respondent can sustain his burden. Powell v. Granquist, 252 F. 2d 56, 61 (C.A. 9, 1958). First, it is pertinent that Kenneth was a man of legal experience who had a familiarity with the income tax system. Irolla v. United States, 390 F. 2d 951 (Ct. Cl. 1968). He received his law degree from the University of Texas. In addition, he had studied accounting, held a job as a bookkeeper, and was competent to prepare income tax returns. In fact, he had prepared income tax returns for his clients. He was *29 authorized to practice law during all the years in question, and except for a period when he worked for the Texas State Legislature, he was engaged in the active practice of law. Second, Kenneth knew that he had taxable income in some of the years during the period 1956 to 1965, inclusive. We reject his contention that he did not think he incurred tax liability for the years in question. In 1963 he had an accountant prepare income tax returns for the years 1956 through 1960. These returns clearly showed that Kenneth had some tax liability for the years 1956, 1957, and 1959. While we are convinced petitioner was aware of his liability at the time his returns were due, any doubt as to his liability was resolved when the delinquent returns were prepared, nevertheless, he still failed to file returns and pay his tax liability in any subsequent years. After 1960, the petitioners' delinquent returns reveal substantial deficiencies for the years 1962, 1963, 1964, and 1965. The record indicates that for these years a rough calculation, honestly made, would have shown Kenneth the need for a more careful analysis of income and expenditures to substantiate his hope that no additional taxes *30 were due. His avoidance of accurate knowledge when the need for such knowledge must have been apparent was an indication of fraudulent intent. The most significant factor is Kenneth's affirmative attempt to conceal his failure to file returns. For the year 1961 he earned a large portion of his income as salary. Consequently, his earnings were a matter of record due to the fact that a W-2 form had been sent to him. In a nine-year period, he filed one tax return and this was for the year 1961. He told inspecting internal revenue agents that he filed his 1961 return because he had received a W-2 form and felt he would be noticed if he did not file. He feared this would cause his delinquent status to be detected by the Internal Revenue Service. This affirmative act of attempting to conceal his past failure is sufficient in itself to convince this Court that the requisite intent was present. The returns were deliberately withheld to avoid the payment of tax and known provisions of the law were unjustifiably disregarded with a fraudulent intent. The record as a whole sustains the respondent's burden of proving that a part of the deficiency was due to fraud with intent to evade tax. Decision *31 will be entered under Rule 50. Footnotes
1. All section references are to the Internal Revenue Code of 1954.↩
2. Sec: 6651(a) Addition to the Tax. - In case of failure to file any return required * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.↩
3. Sec. 6653(a) Negligence or Intentional Disregard 5 percent of the underpayment.↩
4. Sec. 6654(a) Addition to the Tax. - In the case of any underpayment of estimated tax by an individual, * * * there shall be added to the tax * * * for the taxable year an amount determined at the rate of 6 percent per annum upon the amount of the underpayment * * * for the period of the underpayment * * *↩
5. Sec. 6653(b) Fraud. - If any part of any underpayment * * * of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes * * *, this amount shall be in lieu of any amount determined under subsection(a). In the case of a joint return under section 6013, this subsection shall not apply with respect to the tax of a spouse unless some part of the underpayment is due to the fraud of such spouse.↩
6. Sec. 7454(a) Fraud. - In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary or his delegate.↩