NORMAN THOMAS and EARLYNE THOMAS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Thomas v. Commissioner
Docket No. 13235-78.
United States Tax Court
T.C. Memo 1980-359; 1980 Tax Ct. Memo LEXIS 226; 40 T.C.M. (CCH) 1145; T.C.M. (RIA) 80359; September 8, 1980, Filed Norman Thomas, pro se. William P. Hardeman, for the respondent. FAY
MEMORANDUM FINDINGS OF FACT AND OPINION FAY, Judge: Respondent determined the following deficiencies and additions to tax in petitioners' Federal income taxes for 1976: Additions to Tax
Petitioner
Deficiency
Sec. 6651(a) [1]
Sec. 6653(a)
Sec. 6654(a)
Norman Thomas
$2,561.43
$640.36
$128.07
$95.59
Earlyne Thomas
2,561.42
640.36
128.07
95.59
The issues for decision are whether respondent correctly determined *227 the asserted deficiencies and whether petitioners are liable for additions to tax under sections 6651(a), 6653(a) and 6654(a). FINDINGS OF FACT Some of the facts were stipulated and are so found. Petitioners, Norman Thomas and Earlyne Thomas, were residents of Wolfforth, Tex., at the time of filing their petition herein. Petitioners filed a joint "tax protestor return" for 1976. This "return" was a Form 1040 which carried petitioners' names, address, social security numbers, occupations, exemptions, and signatures but contained no other information to serve as a basis for determining tax liabilities. Most blanks were marked "object self discriminationc [sic] and a few were marked "none." The "return" was accompanied by 12 pages of photocopied materials supporting various constitutional and general objections to Federal income taxation. In the notice of deficiency, respondent asserted that petitioners had the following community income in 1976: Norman Thomas
Earlyne Thomas
Dividends
$ 1,117.28
$ 1,117.27
Interest
110.27
110.27
Capital gains
592.21
592.22
Rents and royalties
829.94
829.94
Subchapter S corp.
12,582.36
12,582.36
*228 Respondent arrived at the dividend, interest, and rents and royalties figures by averaging the amounts reported by petitioners on their Federal income tax returns for 1973, 1974, and 1975. In so doing, respondent treated $1,272 reported by petitioners as interest from "Church Loans & Investment Tr." in 1975 as dividends for 1975 because that is how petitioners had reported it in previous years. Before trial, petitioners filed a document designated "Stipulation of Facts" in which they asserted that the Fourth and Fifth Amendments to the United States Constitution protected them from any production of records, stated that they did not believe they owed any tax, and claimed the burden of proof was on the "prosecution." At trial, the Court carefully explained that this is not a criminal case but a civil case in which petitioners have the burden of proof. [2] The petitioners, citing the Fifth Amendment, stated that they had no records to submit but agreed to meet with respondent. The trial was recessed. During the recess, the Court met with the parties in chambers. Petitioners submitted a document containing *229 "pre-trial motions" [sic]. These "motions" included a request that respondent be required to supply petitioners all information he possessed concerning them, a request that there be declared a mistrial if the Court evinced bias, a demand that petitioners be afforded all their constitutional rights, and a motion that all claims against petitioners be dismissed. Upon the resumption of the trial, the Court properly denied petitioners' "motions" and again carefully explained the nature of the case pointing out that this was not a criminal trial and that they, as petitioners, invoked the jurisdiction of this Court. [3] Petitioners introduced their 1975 joint Federal income tax return but submitted no records relevant to 1976. OPINION 1. Deficiencies in Income Tax
Petitioners contend that respondent erroneously determined their 1976 taxable income. At trial, petitioners introduced their 1975 joint Federal income tax return to show that they did not report any dividends in 1975 but that respondent allocated $1,272 of dividends to 1975 in an averaging process to determine their 1976 taxable income. *230 Petitioners offered no other evidence. We sustain respondent's determination. Petitioners have the burden of proving error in respondent's determination of taxable income, Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure, and it is well settled that this Court will not look behind a deficiency notice to examine the evidence respondent used in making his determination. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324 (1974). We have on occasion recognized an exception to our rule of not looking behind the deficiency notice when the integrity of the judicial process would be impugned if examination was not made. See Suarez v. Commissioner,58 T.C. 792 (1972). Such is not the case before us. Petitioners' refusal to offer evidence relevant to 1976 was based on their rights under the Fifth Amendment to the United States Constitution. Their position is totally void of legal merit. The privilege against self-incrimination does not apply where the possibility of criminal prosecution is remote or unlikely. Wilkinson v. Commissioner,71 T.C. 633 (1979); Hartman v. Commissioner,65 T.C. 542 (1975); *231 Roberts v. Commissioner,62 T.C. 834 (1974). See United States v. Johnson,577 F.2d 1304 (5th Cir. 1978). Petitioners were told repeatedly that this is not a criminal case and nothing on the record warrants us in concluding that respondent was conducting or had any intention to conduct a criminal investigation of petitioners. The deficiencies as determined by respondent must stand. 2. Additions to Tax.
In the case of failure to file a return on the date prescribed therefor, section 6651(a) provides that unless such failure is shown to be due to reasonable cause and not due to willful neglect there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than one month, plus an additional 5 percent for each additional month or fraction thereof during which such failure continues with an aggregate 25 percent limit. The law is well settled that a return which discloses no information relating to a taxpayer's income from which a tax can be computed is not a "return" within the meaning of the revenue laws. Hatfield v. Commissioner,68 T.C. 895 (1977); *232 Cupp v. Commissioner,65 T.C. 68 (1975), affd. without published opinion 559 F.2d 1207 (3d Cir. 1977). See United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970). Therefore, no return was filed by petitioners for 1976. Petitioners have the burden of proving error in respondent's determination that section 6651(a) additions to tax should be imposed. Bebb v. Commissioner,36 T.C. 170 (1961). Since no return was filed for 1976 and petitioners have not demonstrated that failure to file was due to reasonable cause, respondent's imposition of section 6651(a) additions to tax for 1976 must be sustained. Section 6653(a) imposes an addition to tax if any part of a deficiency is due to negligence or intentional disregard of rules and regulations. Petitioners bear the burden of proving respondent's imposition of the section 6653(a) addition erroneous. Enoch v. Commissioner,57 T.C. 781 (1972). Petitioners offered no evidence that their underpayment was not due to negligence; therefore, we sustain respondent's imposition of section 6653(a) additions to tax. *233 Section 6654(a) provides for an addition to tax if estimated taxes imposed under section 6153 are underpaid. Petitioners offered no proof that respondent's imposition of the section 6654(a) additions to tax was erroneous; therefore, we sustain respondent's determination. See Berlin v. Commissioner,42 T.C. 355 (1964). Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩
2. Roberts v. Commissioner,62 T.C. 834↩ (1974).
3. See Wilkinson v. Commissioner,71 T.C. 633↩ (1979).